E. C. ROBERTS ET AL. V. C. O. COFFIN, EXECUTOR.

Decided November 1, 1899.

**1. Judgment—Effect of Reversal—Parties.**

Where, in an action against a principal and his sureties, the plaintiff appeals without bond, being an executor, and the judgment is reversed generally, though for error affecting the sureties only, it is error for the court blow, on another trial, to that the former judgment as being in force against the principal, denying him the right to amend his pleadings, and after again rendering judgment against the sureties, awarding them execution over against him.

**2. Usury—Right of Sureties to the Penalty.**

Sureties sued on a note providing for usurious interest have not the right to have the statutory penalty of double the amount of such interest credited against plaintiff's claim on the note, as the statute confines the recovery of the penalty to the person paying it or his legal representatives. Rev. Stats., art. 3106.

**3. Same—Limitations Against Penalty.**

Limitation of two years bars a claim for the penalty of double the amount of usurious interest paid.

**4. Same—Right of Sureties.**

Sureties on a note upon which suit is brought may plead usury and have usurious interest that has been paid, credited on the principal of the debt.

**5. Same—Oral Agreement Void Only as to Excess.**

An oral agreement to pay usurious interest on a note is merely void as to the excess over the lawful rate, since, while the Constitution denounces all contracts for a higher rate than 10 per cent unlawful, the statute restricts forfeitures and penalties to usury in written contracts.

APPEAL from El Paso.  Tried below before Hon. A. M. WALTHALL.

*Beall & Kemp,* for appellants.

*A. G. Foster, P. F. Edwards,* and *J. F. Mitchell,* for appellees.

JAMES, CHIEF JUSTICE.—This is a second appeal.  The nature of the case is shown in the former opinion of this court, 41 Southwestern Reporter, 511.  The appeal in that instance was by plaintiff from the judgment rendered against the defendants, Moor and Loomis, as sureties of Roberts, and this court reversed such judgment and remanded the cause.  At the subsequent trial the case was tried by the judge, and judgment was rendered against these sureties, the court holding that the former judgment as against Roberts, the principal, still existed, and had not been affected by the appeal and reversal, and awarded execution to issue first against Roberts.

From the judgment all the defendants have appealed.

We are of opinion that the court erred in considering the judgment against Roberts at the former trial as not set aside by the judgment of reversal.  This court had jurisdiction over the entire judgment and all the parties.  The plaintiff who appealed on that occasion was an executor of whom no bond was required, and the case was here as if a bond had been made payable to all the defendants.  Although his motion for a new trial had been directed only against the sureties, Moor and Loomis, he might nevertheless have had the judgment against Roberts revised in this court for fundamental errors, or for matters not required to be set up in the motion for new trial, had there been any such errors.  For the same reason Roberts might in this court, by cross-assignments, have raised like questions, if any there were.  We state all this simply to demonstrate that this court was not without jurisdiction to reverse the former judgment in its entirety.  For some reason, either that we did not think it proper, or that the matter was not considered in that aspect because not asked, the judgment of this court was a general judgment

of reversal. It reversed the whole judgment. It was for this court to affirm in part and reverse in part, or to reverse altogether, and this court having reversed the judgment generally, it was error for the District Court to regard it as affirming, or not disturbing, the judgment against Roberts. There has not been a decision, that we know of, allowing a trial court to view a judgment of an appellate court as having done what it might or should have done, instead of what it actually decided or directed. We would have had no power ourselves, after the term at which we disposed of the case, to change the judgment in this respect.

It follows that at the date of the second trial no judgment existed against Roberts, and the court erred in treating the former judgment as still in force as to him. The former judgment against him having been reversed, it was no obstacle to his pleading at the second trial.

Upon the District Court's view of the former judgment, no judgment for the debt was in terms rendered, on the recent trial, against Roberts, but the judgment recites the fact that such former judgment against him had been entered and was in full force, then proceeds to render judgment against Moor and Loomis, awarding execution first against Roberts, and thereafter, if necessary, against Moor and Loomis as his sureties.

There being no judgment in force as recited in this decree, and none being therein rendered, against the principal, Roberts, the sureties contend that, for this reason, the judgment appealed from should be re-reversed. There being no judgment against Roberts for the debt, the provision in the judgment for the protection of the sureties, that execution issue first against the property of Roberts, is unwarranted and unavailing; and for this they have a right to complain of the judgment. Roberts has also the right, in view of the dispositions of the judgment in holding the former reversed judgment as in force, and awarding execution against him, to complain of not being allowed to file any pleading in the case. The judgment must for said reasons be reversed and the cause remanded.

Defendants Loomis and Moor pleaded that the contract was usurious, and asked that the interest that had been paid by Roberts be applied as payment on the principal; also, in their trial amendment, they asked for judgment against plaintiff for double the amount of the interest paid, same to be applied against what they might be held liable for. Exceptions to both of the matters were sustained. This presents two questions: (1) Are sureties entitled to plead usury and in consequence of such fact, entitled to have the interest paid credited on the principal; and (2) are sureties entitled to recover the penalty of double the amount of usurious interest received as provided in Revised Statutes, article 3106?

There was no error in sustaining the exception to the trial amendment. The statute confines the recovery of the penalty to the person

paying it or his legal representatives. Therefore the sureties were not entitled to demand it. Another valid ground of exception thereto was that such matter was first set up more than two years after the interest appeared to have been paid.

There was error in striking out the plea of usury, and the prayer that usurious payments of interest, if any, be properly credited upon the principal. Sureties undoubtedly may plead usury, and have the principal of the debt credited with usurious interest paid. This is because sureties have the right to plead any defensive matter that the principal could, and usury is a proper defense. In this State it is the settled rule that where usury is shown, and payment of interest made, the legal effect of such facts is that the usurious payment will be applied in reduction of the principal as a payment thereon. Loan Assn. v. Biering, 86 Texas, 476. Certainly sureties may plead payment. This is not holding that usurious interest paid by the principal may be recovered by his surety.

But here the written contract made was not usurious, as it stipulated for 10 per cent interest only. In such a case, will a contemporaneous parol agreement to pay 18 per cent, instead of 10 as stipulated in the contract, make the contract usurious; or rather, can such parol agreement be shown upon such issues? It has been held that it may be shown where its effect upon the contract would be to make it illegal. Hoe v. Kiser, 34 S. W. Rep., 534. Our Constitution (article 16, section 11), is self-enacting as far as it deals with the subject, and makes all contracts, whether written or oral, for a greater rate of interest than 10 per cent unlawful. Quinlan's Estate v. Smye, 21 Texas Civ. App., 156. Consequently the rule above stated would apply, and parol testimony is, we believe, admissible to show that at the time the note was given the parties really contracted for more than 10 per cent. But as we have held in the Quinlan case, the constitutional prohibition of itself would render illegal only the excess of interest over 10 per cent, unless the Legislature saw fit to provide otherwise. The Legislature has declared usurious contracts void for the whole interest, but this is in respect only to written contracts, stipulating in some form for excessive interest, which the written contract here does not do.

We can not sustain the assignment directed to the action of the court rejecting certain testimony of Rogers, for reasons given in the former opinion. Nor do we sustain the contention that the evidence did not warrant the court in finding against the sureties upon the issue of discharge by reason of collateral security.

The judgment undertook to and did dispose of the defendant Roberts, hence the judgment was a final one.

*Reversed and remanded.*