THOM v. FIRST NAT. BANK OF NEW
BOSTON. (No. 1687.)

(Court of Civil Appeals of Texas. Texarkana.
Dec. 6, 1916. Rehearing Denied
Jan. 4, 1917.)

USURY ⬧⟿141 — PENALTY — RIGHT TO RECOVER.

The maker of a note for the purchase price of land who paid no usurious interest, and no more than he agreed to pay for the land, cannot recover the penalty for usury from a bank to which the note was transferred in payment of a previous note of the payee which did include usury.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 427; Dec. Dig. ⬧⟿141.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Action by the First National Bank of New Boston against J. A. Thom. Judgment for plaintiff on its action, and denying relief to defendant on his cross-action, and defendant appeals. Affirmed.

J. B. Manning, of New Boston, for appellant. Johnson & Boswell, of New Boston, for appellee.

LEVY, J. Appellee sued J. A. Thom, as maker, and J. M. Smith, M. J. Smith, and Ann Smith, as indorsers, of two notes ex-

ecuted by J. A. Thom in part payment of the purchase price of 57 acres of land. One of the notes was for $220, and the other for $70, each due and payable to the order of James M. Smith on November 1, 1914. James M. Smith, in the due course of trade and for a valuable consideration, transferred the notes by indorsement to the bank.

J. A. Thom by cross-action sought to recover of the bank the penalty for alleged usurious interest. The court sustained a demurrer to the cross-action. And the question for review on appeal is only as to the ruling of the court in sustaining the demurrer.

It is believed that there was no error in the ruling of the court. It does not appear from the allegations in the cross-action that appellant paid any usurious interest. When appellant executed and delivered to Smith, as part of the purchase price of the land, the note, such note became the absolute property of Smith. And when the bank accepted the note from Smith in payment of the alleged previously executed note charged to be usurious, then the bank received and collected from Smith, and not appellant, the alleged usurious interest. The effect would be to make Smith the person paying usurious interest, if the interest was usurious at all. Roberts v. Coffin, 22 Tex. Civ. App. 127, 53 S. W. 597; Taylor v. Sturgis, 29 Tex. Civ. App. 270, 68 S. W. 538; Taylor v. Shelton, 134 S. W. 302. And it does not appear that appellant was paying for the land a greater sum than he obligated himself to pay unto Smith, his vendor. Association v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Association v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825.

This judgment is affirmed.