BURCH v. FIRST GUARANTY STATE BANK OF QUANAH et al. (No. 1421.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1918. Rehearing Denied Jan. 8, 1919.)

USURY ⊜=140 — ACTIONS FOR PENALTIES — PARTIES ENTITLED TO SUE.

The maker of notes who has paid nothing thereon cannot sue the payee for the penalty for charging usury imposed by Vernon's Sayles' Ann. Civ. St. 1914, art. 4982, where another has assumed payment of the notes; such action being maintainable only by the party paying the usurious interest or his legal representatives.

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Suit by John C. Burch against the First Guaranty State Bank of Quanah and others. From the decree, plaintiff appeals. Affirmed.

J. A. Clarke, of Quanah, for appellant.

Marshall & Perkins and M. M. Hankins, all of Quanah, for appellees.

HALL, J. This is a suit to recover the penalty for charging and collecting usury, as provided by the statutes of this state. Appellant sued J. A. Radford, J. A. Hughes, and the First Guaranty State Bank of Quanah, alleging in substance in the first count of his petition: That he made arrangements with appellee bank for a loan of $3,400, with which to purchase from Mrs. Myers 170 acres of land at $20 per acre. That he was to pay 10 per cent. per annum upon the money loaned, and in addition pay $500 as compensation to the said bank or to defendants Radford and Hughes, who were the president and cashier, respectively, of said bank, for the loan. That, according to the agreement, appellant executed his eight promissory notes as follows: One for $500, one for $314.98, and the other six for $566.67 each. All of said notes except the one for $314.98 bore interest at 8 per cent. per annum from date. That the one for $314.98 bore interest at 10 per cent. per annum from maturity. That said last-named note represented 2 per cent. interest on the entire series of notes, resulting in 10 per cent. interest upon the sum loaned, including the $500 overplus. That the note for $500 and the one for $314.98 matured November 6, 1917. The first two notes for $566.67 matured November 6, 1918 and 1919, respectively, the remaining four notes being payable on or before November 6, 1920, 1921, 1922, and 1923, respectively. That all of said notes were payable to the order of Mrs. Myers, and by her indorsed without recourse to the defendant bank. That the six notes for $566.67 each represented the principal amount of $3,400, borrowed by appellant, and that the note for $500 was wholly without consideration and represented the amount agreed to be paid to appellees Radford and Hughes for procuring the loan for him. That Miss Jenn Word had purchased the said land from appellant since the execution of the notes, and as part of the consideration for the property had assumed payment of all of the notes, and that on the 22d day of November, 1917, she had paid $2,267.26, which was applied to the payment of the $500 note, $314.98 note,

and the first two notes for $566.67 each, and one year's accrued interest on the other four notes. That of this total payment only $1,-133.34 was applied to the payment of the principal, and that the remainder, viz. $1,-133.92, was applied to the payment of usurious interest. By the second count appellant, pleading in the alternative, alleged that, if he is mistaken in his belief that the appellee bank charged and collected usury from him, then he alleges that appellees Hughes and Radford, either for themselves or for third parties, whose identity they failed to disclose to him, charged and collected usury as set forth ·in his first count, as above mentioned. He prayed for judgment for double the amount of usurious interest paid. Appellee bank answered, alleging that it did not own any of the notes except one for $566.67, and adopted the answer of its codefendants, Radford and Hughes. Radford and Hughes answered, alleging that the bank owned and collected one of the notes for $566.67, and that all of the other notes were owned and held by O. S. Dunbar, Z. T. Williams, and E. H. Hughes, residents of the state of Kentucky; that said Radford and Hughes had no interest in said notes, and that appellee Hughes acted as agent for the Kentucky lenders in negotiating and collecting said loan and the interest paid thereon; that the note for $500 was not given to represent the identical amount agreed to be paid appellees as a commission for procuring the loan for appellant, but that the agreement was that appellant should execute notes to the amount of $3,900 for the $3,400 in money; and that the only reason that the first note was made for $500 was that appellant insisted that he could only pay $500 on the principal of the first year and wanted to make the balance payable in equal annual installments; and that the $500 note was as much a "principal" note as was either of the $566.67 notes. The jury found that none of the notes paid by Miss Word represented usurious interest, and that neither the bank nor Radford and Hughes received or collected either, directly or indirectly, any of the money paid by Miss Word in settlement of the notes introduced in evidence; that the $500 included in the notes given by appellant to Mrs. Myers was intended as a commission or compensation to the defendants Radford and Hughes for their services in procuring the money for plaintiff to buy the land.

The case is submitted to us under a number of assignments, but we deem it unnecessary to consider them in detail. Article 4982, Vernon's Sayles' Civil Statutes, upon which the action is based, is:

"If usurious interest, as defined by the preceding articles, shall hereafter be received or collected upon any contract, either written or verbal, the person or persons paying same, or their legal representatives, may, by action of debt, institute in any court of this state having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where parties paying same reside when such contract was made, within two years after such payment, recover from the person, firm, or corporation receiving the same, double the amount of such usurious interest so received and collected."

The evidence shows without controversy that Miss Word, who purchased the land from appellant, has made the only payment upon the indebtedness evidenced by the eight notes executed by appellant to his vendor, Mrs. Myers. It will be noted that the statute provides that the suit to recover the penalty may be maintained only by the party paying the usurious interest or his legal representatives. It has been held in this state that even sureties do not occupy such a position as entitles them to recover the penalty, but may plead usury and have the principal of the debt credited with the usurious interest paid. Roberts v. Coffin, 22 Tex. Civ. App. 127, 53 S. W. 597; Titterington v. Murrell, 90 S. W. 510. When Miss Word purchased the land of appellant and assumed payment of the eight notes, she became the principal debtor, and appellant was thereafter a surety. The law seems to be well settled in this state, as prescribed by the statute, that only the party paying the usurious interest, or his legal representatives, may sue for the penalty. Thom v. Bank, 191 S. W. 148; Braly v. Connally, 180 S. W. 916; Cassidy v. Mortgage Co., 27 Tex. Civ. App. 211, 64 S. W. 1030; Trabue v. Cook, 124 S. W. 455.

Since appellant is not entitled under the statute to maintain the suit, it is unnecessary for us to inquire further into the merit of the remaining assignments. They are all therefore overruled, and the judgment is affirmed.