## HUFF v. CITIZENS' SAV. BANK & TRUST CO. OF ST. JOHNSBURY, VT.

### No. 8205.

Court of Civil Appeals of Texas. Austin.
April 3, 1935.

Chas. Nordyke, of Lubbock, for appellant.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

As concerns this appeal, appellee, the Citizens' Savings Bank & Trust Company of St. Johnsbury, Vt., as assignee of the Temple Trust Company, sued appellant, J. W. Huff, and G. C. Burk, on a $3,000 note executed by Huff to Temple Trust Company, and to foreclose a mortgage lien securing the note on two tracts of land. Huff alone answered, claiming the loan contract was usurious from its inception. Appellee replied denying usury, and pleaded that Huff had conveyed the land to Burk, who expressly assumed the note as a part of the consideration for the land. The trial court sustained both pleas of appellee; and accordingly rendered judgment for it in the sum of $3,860.83, representing principal, interest, and attorney's fees; hence this appeal.

The transaction began with a deed from G. C. Johnson, dated December 19, 1925, conveying the land to Huff, the deed reciting certain cash consideration, and a $3,000 first lien note; and two notes, one for $640 and one for $518.34, as second and inferior, the deed expressly retaining a vendor's lien to secure the indebtedness. Thereafter, January 30, 1926, by subrogation agreement and assignment, G. C. Johnson transferred the $3,000 note to the Temple Trust Company for a recited consideration of $2,700, agreeing that his notes for $640 and $516.54 should be subrogated to the $3,000 note so assigned. On January 30, 1926, Huff renewed and extended the $3,000 note to the Temple Trust Company, and secured it by a deed of trust lien on the land. Later, on October 25, 1928, Huff conveyed the land to Burk, who expressly assumed "one certain deed of trust loan in the sum of $3,000, in favor of Temple Trust Company"; and Temple Trust Company assigned the note to appellee for a valuable consideration. On January 23, 1934, Burk reconvey-

ed the land to Huff, in consideration of $10 cash and the cancellation of "all notes and other consideration contained in the deed" from Huff to Burk. Prior to conveying the land to Burk, Huff paid $210 on February 1, 1927, and $210 on February 1, 1928, as interest; and Burk paid a like amount on February 1, 1929, 1930, 1931, and 1932. Default was made in the interest installments due on February 1, 1933, and 1934.

It was neither alleged nor proved that Temple Trust Company was a party to the original transaction between Johnson and Huff. Nor was there any collusive agreement between Temple Trust Company, Johnson, and Huff that a fictitious and inflated note would be stated in the deed from Johnson to Huff, in order for Temple Trust Company to make a usurious loan. Absent such an agreement, the loan contract would not have become usurious, because Temple Trust Company purchased the note in suit at a discount.

The judgment of the trial court will be affirmed.

Affirmed.