**T. E. RICHARDS, Jr., Appellant,**

v.

**Robert L. MOODY, Appellee.**

**No. 26.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 22, 1967.

Rehearing Denied Dec. 20, 1967.

Robert C. Focke, Jr., and T. E. Richards, Jr., Houston, for appellant.

Charles B. Smith, Irwin M. Herz, Jr., Phipps, Smith & Alexander, Galveston, for appellee.

SAM D. JOHNSON, Justice.

This action was brought pursuant to Article 5073 of the Vernon's Ann.Revised Civil Statutes of the State of Texas to recover double the amount of alleged usurious interest. The case was initiated by T. E. Richards, an attorney, who was assigned this cause of action by Vern C. Hansen. The defendant is Robert L. Moody.

The action arose out of the purchase by Robert L. Moody of a $50,000.00 promissory note of the Ver-Nan Corporation which was secured by a secondary lien and deed of trust on an apartment project owned by such corporation. The Ver-Nan Corporation was wholly owned by Vern C. Hansen and his wife, and had been in existence approximately three months prior to the transaction in question. Hansen, his wife, and an attorney were the only three officers of the corporation.

The Ver-Nan Corporation's $50,000.00 promissory note was made payable to Vern C. Hansen and the corporate resolution authorizing it recited that it was to " * * * borrow from the said V. C. Hansen various sums of money * * * for the purpose of paying various debts owing by the Company including a debt to the said V. C. Hansen * * *." The Ver-Nan Corporation note and deed of trust were issued to Hansen on July 11, 1960. Ten days later, on July 21, 1960, Hansen assigned to Moody, *with recourse* on Hansen, the note and deed of trust for $32,500.00. The $50,000.00 Ver-Nan Corporation promissory note was thus acquired by Moody by assignment and from Hansen, for the sum of $32,500.00, which sum was paid to Hansen by Moody.

Approximately seven and one-half months after its execution, still another party, LuLu Jackson, acquired this note by sale and assignment from Moody for the sum of $51,589.20, which sum was paid to Moody by LuLu Jackson. Some two months after this occurred, the deed of trust lien securing the note was foreclosed by virtue of the failure of the Ver-Nan Corporation to make payment on the note and the property was foreclosed upon by trustees' sale.

■ Appellant's basic contention is that the entire transaction involved here was, as a matter of law, a scheme or device whereby Vern C. Hansen was loaned money by Robert L. Moody at a usurious rate of interest. In support thereof, appellant alleges that the wholly owned Ver-Nan Corporation was used as a subterfuge to issue the note in question to Hansen without consideration, so that he, Hansen, after thus acquiring the note, could transfer it to Moody at a discount, thus accomplishing indirectly what is prohibited by Article 5073, that is, a loan of money at a usurious rate of interest. It is clear that "If there is an intention to charge usury, no matter how the transaction may be veiled or disguised, the courts will look through the form to the substance of the transaction and condemn the contract as usurious." 58 Tex.Jur.2d, Usury, Sec. 9. The basic question in this instance is whether or not there was a multiple-cornered transaction, the intention of which was to exact usury.

Appellant places reliance on these factors: that Moody had previously made a loan to Hansen, that Moody was familiar with the laws of usury in this state, that in the present instance there had been a discussion of the possibility of a direct loan, and that the direct loan request was refused by Moody because it might be considered as usurious. Further, that at the insistence of Moody, there was a pre-payment privilege in instance note that would insure a capital gain tax consequence to Moody, that Moody insisted that the transfer of the note from Hansen to him be with full recourse on Hansen, and that Moody required that the corporate resolution of the Ver-Nan Corporation contain Moody's capital gain requirement. Additionally, it is contended that Moody knew of Hansen's poor financial condition, that the entire transaction had been thoroughly considered and prepared by Moody, and that the entire transaction was nothing more than a scheme or device to exact a usurious rate of interest which was paid by Hansen.

The trial was to a jury which made numerous findings, all in favor of appellee, Moody. These were that there was no scheme or device to permit Robert L. Moody to collect a greater rate of interest than 10% per year, that the payment of $51,589.20 to Moody was not made on behalf of Hansen; that the payment to Moody was paid by LuLu E. Jackson, and that the note executed by the Ver-Nan Corporation was never paid by Hansen. Based on the verdict of the jury, the trial court entered judgment for the appellee, Robert L. Moody.

■ A loan contract does not become usurious by virtue of a third person's purchase of the note at a discount unless there is such a collusive agreement whereby a fictitious and inflated note is given to one party in order that the purchaser or assignee may make a usurious loan. Huff v. Citizens' Sav. Bank & Trust Co. of St. Johnsbury, Vt., Tex.Civ.App., 81 S.W.2d 1043. On its face, the contract here is not for unlawful interest. In such instance it is the plaintiff's obligation to establish that there was a corrupt agreement or scheme to cover usury and that such agreement or scheme was in full contemplation of the parties. Slaughter Co. v. Eller, Tex.Civ. App., 196 S.W. 704, err. ref. In the case at bar, the record will not support the conclusion that there was a corrupt agreement or scheme that was, in fact, in contemplation of the parties. We believe that the record supports the finding of the jury that there was no scheme or device to permit Robert L. Moody to collect a greater rate of interest than 10% per year.

In any event, Article 5073, V.A.C.S., clearly provides that a suit to recover the penalty may be maintained *only by the party paying* the usurious interest or his legal representative. In Burch v. First Guaranty State Bank of Quanah, Tex.Civ. App., 207 S.W. 552, no writ history, it is stated that "it will be noted that the statute

provides that the suit to recover the penalty may be maintained only by the party paying the usurious interest or his legal representatives. It has been held in this state that even sureties do not occupy such a position as entitles them to recover the penalty * * *. When Miss Word purchased the land of appellant and assumed payment of the eight notes, she became the principal debtor, and appellant was thereafter a surety. The law seems to be well settled in this state, as prescribed by the statute, that only the party paying the usurious interest, or his legal representatives, may sue for the penalty."

■ Here, neither Hansen nor his assignee paid anything on the note in question. Two months after the note was sold and assigned by Moody to LuLu Jackson, the deed of trust lien securing the same was foreclosed because of the failure of the Ver-Nan Corporation to pay its debt. Can it be said that there was *payment* on the note when the deed of trust lien securing it was foreclosed? We believe not. Can it be said that LuLu Jackson's payment to Moody was made on behalf of Hansen? We believe not. If her payment can be said to have been made on behalf of anyone it could only be on behalf of the Ver-Nan Corporation. This record will only support the conclusion that this note was never paid by the maker, Ver-Nan Corporation, by the payee surety Hansen, or the assignee, Richards.

Here the jury found that the payment by LuLu Jackson to Moody was not made on behalf of Hansen. The record reveals no evidence to the contrary. We do not believe that it can be said that this action is then brought by "the person paying the same or his legal representative."

The judgment of the trial court is affirmed.