Phil P. MOSS et al., Appellants,

v.

METROPOLITAN NATIONAL BANK OF HOUSTON, Texas, Appellee.

No. 16616.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1976.

Rehearing Denied Feb. 19, 1976.

Sheinfeld, Maley & Kay, Larry L. Evans, Houston, for appellants.

Hutcheson & Grundy, Thomas T. Hutcheson, Houston, for appellee.

PEDEN, Justice.

This is an appeal from the granting of a summary judgment in favor of Metropolitan National Bank on its suit on two promissory notes. Defendants Phil P. Moss and Arthur Moss had filed a defensive pleading alleging usury.

We review the bank's petition. It states that on or about July 26, 1974, Phil P. Moss executed and delivered to appellee a promissory note for $30,000 bearing ten per cent interest. It was due on demand or, if no demand was made, on or before October 19, 1975, and provided that it was to be reduced every ninety days by payment of $6,000 plus accrued interest. On December 2, 1974, although he was in default, he made some payments. On February 10, 1975, the bank made a written demand for payment of the principal and interest due, but Phil Moss failed and refused to pay, and as of March 26, 1975, the balance due on this note was $22,100.31. The bank's petition also alleged that on or about December 12, 1974, Phil P. Moss and Arthur Moss executed and delivered to the bank a promissory note for $22,500.00 bearing interest at ten per cent. This note was due on demand or, if no demand was made, on or before January 26, 1975. On February 10, 1975, the bank also made a written demand for payment of the principal and interest due on this note, but the appellants failed and refused to pay it.

The Mosses initially answered the bank's suit by a general denial. The bank filed a motion for summary judgment with a supporting affidavit sworn to by Mr. Joseph S. Bracewell, executive vice president of Metropolitan National Bank. Although his affidavit contains mixed statements of facts and conclusions of law, there are enough factual statements to support the motion for summary judgment.

Appellants responded by filing a sworn answer setting up a counterclaim for usury, and Phil P. Moss filed this affidavit in opposition to the bank's motion for summary judgment:

"Metropolitan National Bank, Affiant, and Arthur Moss entered into a loan agreement in 1974 whereby Affiant and Arthur Moss executed promissory notes payable to Metropolitan National Bank, with interest stated on the face of the promissory notes of ten (10%) percent per annum. In addition to the stated rate of interest of ten (10%) percent per annum, a further consideration and charge for the loans by Metropolitan National Bank was the agreement by Affiant and Arthur Moss to place a compensating balance in the amount of Fifty Thousand and No/100 ($50,000.00) in Metropolitan National Bank. Metropolitan National Bank required as a condition to making the loans Affiant's and Arthur Moss' agreement to place in Metropolitan National Bank the $50,000.00 compensating balance.

"Due to the inability of Affiant and Arthur Moss to provide a $50,000.00 compensating balance, Affiant and Arthur Moss paid three (3) other parties One Thousand Two Hundred Fifty and No/100 ($1,250.00) Dollars to make a $50,-000.00 deposit in Metropolitan National Bank. This compensating balance was purchased by Affiant and Arthur Moss and a $50,000.00 Certificate of Deposit was placed in Metropolitan National Bank on December 18, 1974, for a period of six (6) months. The purchase of the compensating balance and the depositing

thereof in Metropolitan National Bank was pursuant to the requirement and condition set by Metropolitan National Bank as a part of the loan agreement between Metropolitan National Bank and Affiant and Arthur Moss."

The appellants' first three points of error are that the trial court erred 1) in granting a summary judgment to the bank on the whole case in that the summary judgment proof raised material issues of fact and the bank failed to negate the existence of material fact issues as to the appellants' counterclaim, 2) in finding that the appellants' counterclaim raised no material issues of fact, and 3) in finding that the facts contained in their affidavit in opposition to the motion for summary judgment established as a matter of law that the bank has not contracted for, charged, or received usurious interest. The appellants do not challenge the bank's claim as to the validity of the notes but rely solely on their pleading of usury.

They seek to impose the penalties for usury provided in Arts. 5069–1.01—1.04, 1.06, Vernon's Texas Civil Statutes. Sec. 1.06 provides in part:

"(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney's fees fixed by the court provided that there shall be no penalty for a violation which results from an accidental and bona fide error."

Interest is defined in Art. 5069–1.01(a) as the compensation allowed by law for the use or forbearance or detention of money; provided however, this term shall not include any time price differential however denominated arising out of a credit sale.

The appellants raised their usury plea in their amended answer, labeling it as a further answer and as a counterclaim. There is nothing in the record to indicate that by raising the affirmative defense of usury the appellants can do more than assert an offset against the bank's recovery on the notes.

The "pleading of an affirmative defense will not, in itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes his right to an instructed verdict if no proof were offered by his adversary in a conventional trial on the merits." *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). "There is one situation where the opponent of a summary judgment motion must come forward himself to raise a fact issue by proof rather than allegation, the movant having presented no proof on the issue, and that is to support the nonmovant's own affirmative defense." *Gulf, Colorado & Santa Fe Ry. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958).

One who uses the defense of usury in a suit on a note that does not call for usurious interest on its face has the obligation to establish that there was a corrupt agreement or scheme to cover usury and that such agreement or scheme was in full contemplation of the parties. *Richards v. Moody*, 422 S.W.2d 200 (Tex.Civ.App.1967, writ ref. n. r. e.). In our case the appellants concede, and the judgment recites that the parties to this suit have stipulated that the "three other parties" who received $1,250 to supply the $50,000 compensating balance were not agents of the bank. Generally, where the lender does not receive the service charge paid for third parties to make a compensating balance deposit, such charge does not constitute interest. *Commerce Savings Association of Brazoria County v. GGE Management Co.*, (Tex.Civ.App.1975, opinion filed December 31, 1975).

In our case the appellants have neither alleged nor submitted competent summary judgment proof that the parties entered a corrupt agreement or scheme to cover usury.

In their fourth point of error the appellants complain about the granting of "reasonable" attorney's fees on the promissory

notes in the summary judgment proceeding in point of error, saying that there was no competent summary judgment proof on attorney's fees or their reasonableness. Both notes contained the following provision:

"And in the event of default in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on same, then an additional reasonable amount of not less than ten per cent on the principal and interest of this note shall be added to the same as collection fees."

In summary judgment proceedings on promissory notes, the holder is prima facie entitled to recover the amount certain stipulated herein for attorney's fees when the note is in default. *Kuper v. Schmidt*, 161 Tex. 189, 338 S.W.2d 948 (1960). The notes in this case provide for a minimum percentage of ten per cent, which was granted by the trial court. We find no error.

Affirmed.