941 F.2d 1323
 COLONY CREEK, LTD., Plaintiff-Counter Defendant-Appellant,
v.
RESOLUTION TRUST CORP., As Successor to University Savings
Association and William A. Paddock, Etc.,
Defendants-Counter Plaintiffs-Appellees,
v.
AFFILIATED CAPITAL CORP., and Billy B. Goldberg, Counter
Defendants-Appellants.
 No. 90-2871.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 19, 1991.
Rehearing Denied Oct. 17, 1991.
 
 Joseph A. Kornfeld, Houston, Tex., for plaintiff-counter-defendant-appellant.
 David S. Elder, Claude R. Treece, Sewelle & Riggs, Houston, Tex., for defendants-counter-plaintiffs-appellees.
 Appeal from the United States District Court For the Southern District of Texas.
 Before JOLLY and DUHE, Circuit Judges, and WALTER[1], District Judge.
 DUHE, Circuit Judge.
 
 
 1
 Appellee, the Resolution Trust Corporation (RTC) as receiver for University Federal Savings Association, sued appellants, Colony Creek, Ltd. and Billy Goldberg, to enforce a $16,000,000 promissory note. The district court granted summary judgment in favor of the RTC, and appellants now seek review of that decision. We affirm.
 
 I.
 
 2
 In 1984, appellant Colony Creek, Ltd., executed a promissory note payable to University Savings Association for $16,000,000. At the same time appellant Billy Goldberg and Affiliated Capital Corporation executed guaranties of the note. The note, which came due in 1986, is now in arrears for over $21,000,000.
 
 
 3
 The parties do not dispute the terms of the note. Interest accrued at 18% per annum, and was to be paid at a varying rate of the prime rate plus 1%, not to exceed 18%. University Savings charged Colony Creek a 1% origination fee of $160,000 due at the time of the commitment, and as security, it accepted land, guaranties, and assignments owed to Colony Creek by the Municipal Utility District (M.U.D.) and Levee Improvement District (L.I.D.). The note included a specific disclaimer against applicable state and federal usury laws.
 
 
 4
 Before the note matured, Affiliated Capital assumed Colony Creek's liability. Affiliated Capital defaulted on the loan, but University Savings took no action on the delinquency.
 
 
 5
 In 1989, the Federal Savings and Loan Insurance Corporation (FSLIC) placed University Savings into receivership and transferred its assets to University Federal. Five months later, University Federal entered receivership with the RTC acting as receiver of its assets, including the Colony Creek/Affiliated Capital note. The trustee, William Paddock, posted the Colony Creek property for foreclosure sale soon thereafter, but Colony Creek secured a temporary injunction from foreclosure in Texas state court. The RTC then removed to the Southern District of Texas, which issued a temporary restraining order enjoining foreclosure and held a hearing.
 
 
 6
 When the district court refused to grant a second temporary injunction, the trustee foreclosed upon the property. The RTC then sought summary judgment on the note. The debtors did not respond. The district court granted summary judgment in favor of the RTC finding that the note was due and owing, that federal law preempted usury claims from being asserted against the RTC, and that the note was not usurious. The debtors thereafter moved for a new trial, arguing that the note was usurious and thus invalid because the commitment fee constituted interest. The district court denied this motion, and the debtors now turn to this Court for relief.
 
 II.
 
 7
 This Court reviews grants of summary judgment de novo, guided, as was the district court, by the standards of Rule 56. EEOC v. J.M. Huber Corp., 927 F.2d 1322, 1325 (5th Cir.1991). Studying the record in this light, we agree with the district court that the RTC proved all of the elements necessary to make its claim and that the note was not usurious. Unlike the district court, however, we believe it possible to limit our holding to these findings alone.
 
 
 8
 We have said before that because of the relative simplicity of the issues involved, suits to enforce promissory notes "are among the most suitable classes of cases for summary judgement." Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir.1973). This statement holds true today. Appellee's motion and supporting materials established the elements necessary for recovery: the RTC holds a valid claim against Colony Creek and Goldberg, the note has matured according to its terms, and Colony Creek and Goldberg have defaulted. See Hemphill v. Greater Houston Bank, 537 S.W.2d 124, 125 (Tex.Civ.App.1976).
 
 
 9
 Having set forth the undisputed elements of its claim, appellee further strengthened its case with additional evidence of the note's validity. With its motion for summary judgment, the RTC submitted a certified copy of the "Notice of Rate Ceilings" showing that the applicable maximum quarterly rate, established according to article 5069-1.04 of the Texas statutes, was 21.19%. An opinion letter and the deposition testimony of the lawyer representing Colony Creek at the note's closing, which indicated he did not believe the note was usurious, also accompanied the motion. While supportive, this evidence of the lawyer's opinion was by no means necessary for it is well established Texas law that a contract is presumed to be legal if it appears so on its face. Najarro v. Sasi Int'l., Ltd., 904 F.2d 1002, 1005-06 (5th Cir.1990) cert. denied, --- U.S. ----, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991); Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.2d 935, 937 (1935). This note not only appears on its face to charge a legal interest, but it expressly evinces, in its savings clause,[2] the parties' intent to form a non-usurious contract.
 
 
 10
 Appellee's motion met Rule 56's burden of demonstrating "that there is no genuine issue as to any material fact," and shifted the responsibility onto appellants to "make a showing sufficient to establish the existence of an element essential to" their case. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Additionally, to assert the defense of usury against a note which does not call for usurious interest on its face, appellants had the burden under Texas law of showing usurious intent. Moss v. Metropolitan Nat'l Bank, 533 S.W.2d 397, 399 (Tex.Civ.App.1976). Appellants failed to meet these challenges when they failed to respond at all to the motion for summary judgment.
 
 
 11
 In their motion for new trial, appellants argued that the commitment fee of 1% constitutes interest, raising the actual interest rate for the loan to 19%. The question of the commitment fee's nature, though not raised to the district court before the summary judgment ruling, is not a question of material fact because even a 19% interest rate falls below the applicable legal limit of 21.19%. Appellants now urge us to consider the M.U.D. and L.I.D. receivables as part of the interest earned on the note. We cannot entertain this theory, however, proffered so late in this proceeding. Appellants "cannot attack summary judgment on appeal by raising distinct issues that were not before the district court." John v. Louisiana (Bd. of Trustees), 757 F.2d 698, 710 (5th Cir.1985).
 
 
 12
 Appellants submitted no evidence to show an issue of material fact as to the presumption of validity of the note, or any other element of the RTC's claim, before the district court's ruling. Nor for that matter, have they since pointed to facts tending to show that the commitment fee and receivables are not what their names imply. Because appellee's motion for summary judgment and supporting material show there is no genuine issue of material fact in its claim against appellants, the judgment of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 District Judge for the Western District of Louisiana, sitting by designation
 
 
 [2]
 In pertinent part, the disclaimer provides:
 [I]t is expressly provided that in no case or event shall the aggregate of i) all interest on the unpaid balance of the Note, accrued or paid from the date thereof and ii) the aggregate of any amounts accrued or paid pursuant to this Agreement, the Note, the Deed of Trust, or the Security Instruments, which under applicable laws are or may be deemed to constitute interest upon the Note from the date thereof, ever exceed the maximum rate of interest which could lawfully be contracted for, charged or received on the unpaid principle balance of this Note.... [I]t is expressly stipulated and agreed that it is the intent of the Borrower and Lender to contract in strict compliance with the applicable usury laws of the State of Texas and of the United States....