Farrell v. FSB Bremond 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-127-CV

     THOM W. FARRELL,
                                                                                              Appellant
     v.

     FIRST STATE BANK OF BREMOND,
                                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 88-08-13,498-CV
                                                                                                    

O P I N I O N
                                                                                                    

      First State Bank of Bremond sued Thom W. Farrell for a deficiency judgment on a note
executed by the Baird, Farrell, Irvin Joint Venture and guaranteed by Farrell. On July 11, 1986,
the Joint Venture renewed the note in the amount of $60,941.79, and Farrell executed a guaranty
of the Modification and Extension of Real Estate Note and Lien. On July 11, 1987, the Joint
Venture defaulted on the note, with a balance due of $56,665.81. On January 5, 1988, the Bank
sold the property secured by the note for $44,000, leaving a deficiency of $12,665.81 on the note,
plus $3,552.10 in interest from the date of default to the date of foreclosure, attorney's fees of
$1000 incurred in the foreclosure, abstract costs of $247, and delinquent property tax of $707.76. 
The Bank sued Farrell for the total deficiency of $18,172.67, plus attorney's fees, prejudgment
interest from the date of foreclosure, post-judgment interest, and costs. The trial court granted
a summary judgment in favor of the Bank.
      In point one, Farrell contends that an issue of material fact exists regarding the amount owed
to the Bank. In his argument under point one, Farrell has identified only one source indicating
an amount that differs from the figures supporting the summary judgment. In Farrell's response
to the Bank's motion for summary judgment, he states that he "received from John C. Paschall,
attorney for [the Bank], a letter dated June 17, 1988, listing a principal sum of $60,941.79 and
a deficiency of $14,554.08, a copy of which is attached hereto as Exhibit "2" and incorporated
herein by reference for all purposes." By an affidavit attached to his response, Farrell claimed
that he received conflicting claims for payment by the Bank, including the letter dated June 17,
1988, demanding payment of a $14,554.08 deficiency. However, the letter does not indicate
which of the collection costs authorized by the promissory note were included in the deficiency
amount demanded on that date. The Bank's summary judgment proof was properly sworn and
presented facts that Farrell owed a deficiency of $12,665.81 on the note, plus post-default interest,
attorney's fees, costs, and delinquent property taxes. Farrell's proof merely showed that, at a
certain time before the suit was filed, the Bank demanded $14,554.08, a figure that was more than
the $12,665.81 due on the note but less than the total deficiency of $18,172.67, including
collection costs. Under these circumstances we find that there was no genuine issue of material
fact about the amount owed to the Bank. See Trans-Continental Finance Corp. v. Summit National
Bank, 761 S.W.2d 575, 577 (Tex. App.—Fort Worth 1988, no writ). Point of error one is
overruled.
      In point two, Farrell contends that the trial court erred in granting summary judgment because
he did not personally execute the note sued upon. However, issues not expressly presented to the
trial court may not be considered on appeal as grounds for reversal of a summary judgment. City
of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). Farrell failed to
complain, in his response to the Bank's motion for summary judgment, that he was being sued on
the Promissory Note rather than the Guaranty Agreement. Therefore, we overrule point of error
two.
      In point three, Farrell contends that an issue of material fact exists about whether the interest
rate charged by the Bank constituted a breach of contract. The Promissory Note, executed by the
Joint Venture on July 11, 1986, provided for an interest rate of eleven percent per annum, until
July 11, 1987. Because the Joint Venture defaulted on the note on July 11, 1987, the note's
provisions for the rate of interest after that date are not relevant. The exhibits attached to the
Bank's motion for summary judgment indicate that the Joint Venture was charged interest at the
rate of eleven percent per annum from July 11, 1986 to July 11, 1987. The notations of higher
interest rates, to which Farrell refers in his argument under point three, all relate to interest
charges prior to the note's renewal on July 11, 1986. The original promissory note and its
interest-rate provisions are not in the summary judgment evidence. Furthermore, Farrell admitted
that the Joint Venture executed, and he guaranteed, the renewal of the promissory note in the
amount of $60,941.79 on July 11, 1986. Because we find that there was no genuine issue of
material fact on the rate of interest charged on the note sued upon, we overrule point of error
three.
      In point four, Farrell contends that an issue of material fact exists about whether the Bank
committed usurious conduct. Specifically, Farrell argues that the Bank's demand for $14,554.08,
in the letter dated June 17, 1988, constitutes a usurious charge. Because the total deficiency after
foreclosure was $18,172.67, we find no genuine issue of material fact regarding whether the
demand letter contained a usurious charge. 
      Farrell also argues that a letter dated January 9, 1989, constitutes a usurious charge. The
letter to Farrell merely said: "Please sign the enclosed and return." Attached was a three-year
promissory note for an installment loan, offered in satisfaction of the deficiency judgment sought
by the Bank. Farrell has failed to point out how the Bank's offer to refinance the debt constitutes
usury. 
      Finally, Farrell argues that the Bank's abandoned pleadings, certified copies of which were
attached to his affidavit and response to the Bank's motion for summary judgment, contained
usurious charges. Specifically, the Plaintiff's Original Petition alleged that, on the date of
foreclosure, the amount due, including collection costs, was $62,424.49, and that, after
foreclosure, the total deficiency was $18,424.69. However, one who uses the defense of usury
in a suit on a note that does not call for usurious interest on its face has the obligation to establish
that there was a usurious charge. Moss v. Metropolitan National Bank of Houston, 533 S.W.2d
397, 399 (Tex. Civ. App.—Houston [1st Dist.] 1976, no writ). Farrell has neither alleged nor
submitted competent summary judgment proof that the pleading contains a usurious charge. 
Indeed, although the renewed promissory note provided for a "default rate" of sixteen percent
interest, it appears that the Bank ultimately charged only eleven percent interest between the date
of default and the date of foreclosure. Because we find that there is no issue of material fact
regarding whether the Bank committed usurious conduct, we overrule point of error four.
      In point five, Farrell contends that an issue of material fact exists regarding the reasonableness
of attorney's fees awarded to the Bank. The reasonableness of attorney's fees is a question of fact
and must be supported by competent evidence. Great American Reserve Insurance Co. v. Britton,
406 S.W.2d 901, 907 (Tex. 1966). In John Paschall's affidavit in support of the Bank's motion
for summary judgment, the Bank's attorney stated that $5000 was a reasonable fee for "the above
described services," which included the demand for payment and the foreclosure sale. We note
that $1000 for attorney's fee incurred in the foreclosure was already included by the Bank in its
claim for a deficiency judgment of $18,172.67. Farrell argues that he raised a fact issue through
the affidavit of Dolores G. Hunkler, the attorney representing him during the early stages of this
case. After stating her legal qualifications and her familiarity with the reasonable and necessary
attorney's fees normally charged in commercial-collection litigation, Hunkler's affidavit
challenged the attorney's fees incurred by the Bank on the basis that $5000 was "unreasonable and
unnecessary." This statement raised the issue of reasonableness of the attorney's fees incurred by
the Bank. See Nguyen Ngoc Giao v. Smith & Lamm, P.C., 714 S.W.2d 144, 149 (Tex.
App.—Houston [1st Dist.] 1986, no writ). Therefore, we sustain point of error five.
      We modify the summary judgment to delete the award of attorney's fees, sever that portion
from the remainder of the cause, and remand it to the trial court for a determination of reasonable
attorney's fees. In all other respects, the partial summary judgment, as modified, is affirmed. See
Tex. R. App. P. 81(b)(1); Tex. R. Civ. P. 166a(e).
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed in part and reversed and remanded in part
Opinion delivered and filed July 8, 1992
Do not publish1