**Walter H. STEPHENS, Appellant,**

v.

**FIRST BANK AND TRUST OF RICHARDSON, Appellee.**

**No. 5569.**

Court of Civil Appeals of Texas, Waco.

Aug. 5, 1976.

Rehearing Denied Sept. 9, 1976.

Michael R. Cooper, and Randolph P. Mundt, Flagg, Cooper, Hayner, Miller, Long & Owen, Dallas, for appellant.

Donald A. Muncy, Fiedler & Fortescue, Richardson, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (defendant) Stephens from summary judgment

against him for $150,000. on his guaranty on a note.

Plaintiff Bank sued National Education Systems Corporation for $150,000. on a note payable by defendant Systems to plaintiff, January 2, 1975; and additionally sued Dan A. Phillips on "a guaranty agreement, guaranteeing payment of the original note and any extension or renewal thereof", and defendant Stephens on a like guaranty. Systems and Phillips filed no answer.

Defendant Stephens answered that on October 7, 1973 he accompanied defendant Phillips to the offices of plaintiff Bank for the purpose of discussing, and concluding a loan for Systems (Phillips was President of Systems); that plaintiff expressed interest in making the loan to Systems provided the loan would be guaranteed by Phillips and Stephens; that thereafter Systems and Phillips and ultimately Stephens were informed "it would be necessary for a personal loan of Phillips to the First National Bank of Waco of $50,000. to be paid off (or otherwise taken care of to the satisfaction of First National)" as a condition to the approval of the loan; that "thereafter Stephens who had agreed to guarantee the loan of plaintiff to Systems personally paid off the loan of Phillips to First National", and plaintiff made the $150,000. loan to Systems.

Stephens alleged plaintiff as a condition precedent to making Systems the $150,000. loan "required Systems and/or its guarantor Stephens" to satisfy the indebtedness of Phillips to First National; that plaintiff Bank and First National had common controlling shareholders and were the alter-ego of one another; that the transaction was usurious as a result of paying Phillips $50,000. debt to First National; that such usury was more than twice the maximum lawful rate, as result of which plaintiff is not entitled to recover anything.

Plaintiff took default judgment against Systems and Phillips; and moved for Summary Judgment against defendant Stephens, attaching copies of Systems' note, Stephens' guaranty, and affidavit of its Vice President that Systems executed and delivered the $150,000. note to plaintiff; that Stephens executed and delivered his guaranty to plaintiff; that the note was in default and though requested Systems and Stephens have not paid same.

Stephens filed controverting affidavit to plaintiff's motion for summary judgment stating he accompanied Phillips to plaintiff Bank to conclude a loan for Systems; that plaintiff expressed interest in making the loan if the loan be guaranteed by Phillips and Stephens; and "thereafter Systems, Phillips and I were informed * * * that as a condition to approval of the loan it would be necessary for a personal loan of Phillips to the First National Bank of Waco, Texas in the approximate amount of $50,000. to be paid off or otherwise taken care of to the satisfaction of First National.

"It was stated by the Bank that the payment of, or other disposition of Phillips' debt to First National was a condition precedent to the Bank submitting the loan to its loan committee and a condition precedent to the approval of such loan by the loan committee.

"Thereafter I personally paid off the loan of Phillips to First National;" and the Bank made the loan to Systems.

Stephens further filed cross action against Systems and Phillips and counterclaim against plaintiff Bank on the above facts, praying for twice the amount of asserted usurious interest paid, and that Bank take nothing in its suit against him.

The trial court severed the cross action, dismissed Stephens' counterclaim against plaintiff, granted plaintiff's motion for summary judgment, and rendered judgment against Stephens for $150,000.

Stephens appeals on 2 points asserting the trial court erred:

1) In granting plaintiff's motion for summary judgment because a material fact was raised by the pleadings and affidavits of Stephens concerning a usurious transaction, said issue of fact being raised in answer to plaintiff's cause of action and as a counterclaim against plaintiff Bank.

2) In dismissing Stephens' counterclaim because such counterclaim raised a genuine issue of fact concerning a usurious transaction, not properly disposed of by the trial court.

Plaintiff by cross point asserts the trial court erred in denying it reasonable attorney's fees prayed for.

Plaintiff's motion for summary judgment and the summary judgment proof made a prima facie case against defendant for the $150,000. judgment on his guaranty of Systems' note.

Defendant Stephens plead the defense of usury, and his affidavit which plaintiff concedes is true states:

"Thereafter Systems, Phillips and I were informed * * * as a condition to the approval of the loan, it would be necessary for a personal loan of Phillips to the First National Bank of Waco * * of $50,000. to be paid off * * *.

"It was stated by the Bank that the payment * * * of Phillips' debt to First National was a * * * condition precedent to the approval of the loan * * *.

"Thereafter I personally paid off the loan of Phillips to First National and the Bank made the loan to Systems."

A surety or guarantor can assert any defense to a suit on a note available to the principal. 53 Tex.Jur.2d 643; and if the Bank's requirement that Phillips' $50,000. note be paid to First National, amounts to interest, the transaction was usurious.

A borrowers' agreement to pay his own undisputed prior obligation to the lender, as part of the consideration for a new loan, does not render the loan usurious. *Southern Trading Company v. State National Bank of Ft. Worth,* er. ref., 35 Tex. Civ.App. 5, 79 S.W. 644; *Dorfman v. Smith,* Tex.Civ.App., NWH, 517 S.W.2d 562; 31 A.L.R.3d 769.

However where a lender, as a condition of a loan and as a consideration for making it, requires the *borrower* to pay the debt that *another* owes to the same lender, the amount of the pay-off debt is considered as interest in determining whether the loan is usurious. *Laid Rite, Inc. v. Texas Industries, Inc.,* Tex.Civ.App., NWH, 512 S.W.2d 384.

In the case at bar, Stephens' affidavit is that plaintiff required "a personal loan of Phillips to First National Bank of Waco * * * of $50,000. be paid off * * * as a condition precedent to approval of the loan."

The Bank required the Phillips' loan be paid; it did not require the borrower to pay it; it did not require Stephens to pay it.

Stephens' answer alleged plaintiff as a condition precedent to making Systems the $150,000. loan "required Systems and/or its guarantor Stephens" to satisfy Phillips' debt to First National, but pleadings even if sworn to cannot be regarded as summary judgment evidence. *Hidalgo v. Surety Savings & Loan Assn.,* Tex., 462 S.W.2d 540; *Lancaster v. Wynnewood State Bank,* Tex. Civ.App., NWH, 470 S.W.2d 78.

Stephens' affidavit thus raised no fact issue as to his defense of usury to plaintiff's proven cause of action on the guaranty. *Richards v. Moody,* Tex.Civ.App., NRE, 422 S.W.2d 200; *Moss v. Metropolitan National Bank of Houston,* Tex.Civ.App., 533 S.W.2d 397.

The trial court did not err in dismissing Stephens' counterclaim because the correct determination that no material fact issue concerning a usurious transaction existed on plaintiff's motion for summary judgment disposes of the counterclaim.

Both appellant's points are overruled.

Plaintiff's cross point is overruled; *Blume v. National Homes Corp.,* Tex., 441 S.W.2d 176.

AFFIRMED.