M.G. MOORE, Sr., Appellant,

v.

**LIDDELL, SAPP, ZIVLEY, HILL & LABOON, A Partnership, Formerly Known as Liddell, Sapp & Zivley; Liddell, Sapp & Zivley, A Partnership; Eric J. Taube; Charles Sapp; and Walter P. Zivley, Appellees.**

No. 3–92–437–CV.

Court of Appeals of Texas, Austin.

March 31, 1993.

Rehearing Overruled May 5, 1993.

Frank Oliver, Kilgore & Oliver, Austin, for appellant.

Craig A. Morgan, Brown McCarroll & Oaks Hartline, Austin, for appellees.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

CARROLL, Chief Justice.

This is a usury case brought by M.G. Moore, Sr. against his creditor's attorneys, Liddell, Sapp, Zivley, Hill & Laboon, a partnership, formerly known as Liddell, Sapp & Zivley; Liddell, Sapp & Zivley, a partnership; Eric J. Taube; Charles Sapp; and Walter P. Zivley (collectively, "Liddell"). The district court rendered summary judgment in favor of the defendant-attorneys. We will affirm the judgment of the trial court.

## BACKGROUND

In June 1985, Moore and his son, Marbert, executed a promissory note to Franklin Savings Association ("Franklin Savings") in the original principal amount of $1,500,000 ("the Carlson Park note"). At that time, Moore also executed a guaranty agreement whereby he guaranteed Marbert's current and future obligations to Franklin Savings. Marbert subsequently obtained three additional loans from Franklin Savings, evidenced by promissory notes ("the Marbert notes"). At the time of the execution of the Carlson Park note, Franklin Savings' loan committee had approved the two notes that made up the bulk of the loans to Marbert. Moore and Marbert ultimately defaulted on all four of these notes.

In August 1987, on behalf of its client Franklin Savings, Liddell made a written demand on Moore for payment of all sums due on the Carlson Park note and the Marbert notes. The demand did not state a specific dollar amount owed, but merely referred to "all sums owed" on the notes. At the time of the demand, the principal and interest on the Marbert notes totaled $6,631,982. Moore failed to satisfy the demand and Liddell filed suit in district court on behalf of Franklin Savings to collect on the four notes. At the time the suit was filed, the total principal and interest owed on the Marbert notes was $6,770,175. Franklin Savings was subsequently closed and placed in receivership by federal regulators.

Moore brought the immediate cause alleging that Liddell had violated the usury statute by charging usurious interest in making the demand and in filing the suit. *See* Tex.Rev.Civ. Stat. Ann. art. 5069–1.06 (West 1987). The trial court granted Liddell's motion for summary judgment on Moore's claims, but denied Liddell's claim for attorney's fees. Moore asserts in a single point of error that the trial court erred in rendering summary judgment.

## DISCUSSION

It is undisputed that the Carlson Park note was not facially usurious. Moore can

show usury only by an alleged subsequent "charge" of excessive interest. Moore bases the usury claim on two legal theories: (1) Franklin Savings' requirement that Moore guarantee Marbert's future debts constitutes additional interest on the Carlson Park note in the amount guaranteed; and (2) the attorneys, acting as collection agents, are liable for usury violations in "charging" this amount. In its motion for summary judgment, Liddell argued, along with other grounds, that Moore's theories were incorrect as a matter of law.

The standards for reviewing a motion for summary judgment are well established:

(1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ If the order does not give a specific reason for granting the summary judgment, the nonmovant, on appeal, must show why each ground asserted in the motion is insufficient to support the order. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *McCrea v. Cubilla Condominium Corp.*, 685 S.W.2d 755, 757 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Moore has asserted that the following fact issues preclude summary judgment: (1) the amount of money demanded; (2) the extent to which the guaranteed loans were existing debt at the time of the guaranty; and (3) the applicability of the usury savings clause to Liddell's conduct. We conclude that these asserted issues are not material because, even if we resolve these issues in Moore's favor, summary judgment was proper as a matter of law.

■ For the purposes of this review, we resolve issues of disputed fact in Moore's favor. We will assume that the guaranty was required as a condition for the extension of funds on the Carlson Park note, that the subsequent loans to Marbert were contemplated and approved at the time of the execution of the guaranty, and that the demand letter "charged" the total amount owed on the Carlson Park note and the three Marbert notes that Moore guaranteed. We also note that since the usury statute is penal in nature, it must be narrowly construed. *Steves Sash & Door Co., Inc. v. Ceco Corp.*, 751 S.W.2d 473, 476 (Tex.1988); *Texas Commerce Bank—Arlington v. Goldring*, 665 S.W.2d 103, 104 (Tex.1984); *Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979).

Moore relies on the holding in *Alamo Lumber Co. v. Gold*, 661 S.W.2d 926 (Tex. 1983), to support his theory that the amounts guaranteed on the Marbert notes constitute additional interest on the Carlson Park note. *See also Stephens v. First Bank & Trust of Richardson*, 540 S.W.2d 572, 574 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.); *Laid Rite, Inc. v. Texas Indus., Inc.*, 512 S.W.2d 384, 389 (Tex.Civ. App.—Fort Worth 1974, no writ). In *Alamo Lumber*, the Texas Supreme Court held that if payment or assumption of another's existing debt is required as a condition for the extension of credit, then the amount of the debt paid or assumed is treated as additional interest for usury calculations. *Alamo Lumber*, 661 S.W.2d at 928.

■ We are of the opinion that *Alamo Lumber* does not apply to the immediate facts. Assuming all facts in his favor, Moore was only required to *guarantee* the subsequent loans to Marbert. In the only reported case addressing the application of *Alamo Lumber* to a guaranty, rather than an assumption or payment, of a third-party debt as a condition to extension of a loan, the court refused to extend the application of *Alamo Lumber* to a guaranty. *See Bank of El Paso v. T.O. Stanley Boot Co.*, 809 S.W.2d 279, 290 (Tex.App.—El Paso 1991), *aff'd in part, rev'd in part on other*

**294**

*grounds,* 847 S.W.2d 218 (Tex.1992); *see also Moody v. Main Bank of Houston,* 667 S.W.2d 613, 618 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (debtor urged application of *Alamo Lumber* rule to guaranty, but issue not reached in opinion).

The general nature of guaranty agreements supports this distinction. The liability of a guarantor has been characterized as a contingent "secondary obligation." *Republic Nat'l Bank v. Northwest Nat'l Bank,* 578 S.W.2d 109, 114 (Tex.1979); *Eubank v. First Nat'l Bank,* 814 S.W.2d 130, 133 (Tex.App.—Corpus Christi 1991, no writ); *Dann v. Team Bank,* 788 S.W.2d 182, 183 (Tex.App.—Dallas 1990, no writ). Moore's guaranty was expressly contingent on Marbert's default on the subsequent notes. The asserted usurious interest could be "charged" only after Marbert's default. Inclusion of a contingent liability as interest on the guarantor's separate obligation would go against the parties' expectations and greatly increase uncertainty in lending transactions.

We recognize that a guarantor may assert defenses to liability on a note available to the principal. *See Mayfield v. Hicks,* 575 S.W.2d 571, 574 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Stephens,* 540 S.W.2d at 574. In the immediate case, however, it is undisputed that the Marbert notes were not usurious. Moore is asserting usury on the Carlson Park note, not the Marbert notes. Moreover, guarantors may not assert usury claims otherwise available to the primary obligor. *Houston Sash & Door,* 577 S.W.2d at 222; *Western Bank–Downtown v. Carline,* 757 S.W.2d 111, 115 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

We hold that *Alamo Lumber* does not apply to the immediate situation of a guaranty of another's debt as a condition for a loan. Therefore, Moore has failed to state a cause of action for usury as a matter of law. We conclude that the trial court did not err in rendering summary judgment for Liddell and overrule Moore's one point of error.

**CONCLUSION**

We affirm the judgment of the trial court.