United States Court of Appeals,

Fifth Circuit.

No. 93-2865.

STERLING PROPERTY MANAGEMENT, INC., et al., Plaintiffs-Appellants,

v.

TEXAS COMMERCE BANK, NATIONAL ASSOCIATION, Defendant-Appellee.

Sept. 27, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This case arises out of loan renewals granted by the Appellee, Texas Commerce Bank, National Association (TCB), to the Appellants, Sterling Texas Contractor, Inc. (Sterling) and Metro Draperies, Inc. (Metro). Sterling and Metro each executed a promissory note to TCB and guaranteed each other's note. Appellants seek reversal of the summary judgment denying relief on their claim of usury against TCB and granting TCB's counterclaims for non-payment of the two notes. Applying Texas law, the district court found that the plaintiffs had failed to raise a genuine issue of material fact as to their respective usury claims. The Appellants also challenge the award of attorneys' fees, claiming that the fees awarded were unreasonable and excessive. We affirm the summary judgment with respect to the usury claims and the non-payment of the notes. Finding a genuine issue of material fact as to the reasonableness of the attorneys' fees, we reverse and remand.

1

## I. FACTS AND PROCEDURAL HISTORY

On December 12, 1989, Sterling executed a note for $50,000, with Metro giving an absolute guaranty of payment on the note. On the same date, Metro executed a note for $54,295.60, with Sterling providing the absolute guaranty of payment. Paul Nichols signed the documents in his capacity as president of Sterling. Paula Nichols signed the documents in her capacity as president of Metro. Prior to December 12, 1989, the only guarantor of the two promissory notes of Metro and Sterling was Paul Nichols.

On February 3, 1992, Sterling Property Management, Inc., Sterling, Metro, Paul Nichols, Paula Nichols, and Sterling Advertising filed a complaint against TCB in the 234th Judicial District Court of Harris County, Texas. Among the claims made was that the notes executed by Sterling and Metro were usurious. TCB filed a notice of removal based on federal question jurisdiction, and the entire action was removed to the United States District Court for the Southern District of Texas, Houston Division. TCB filed an answer containing compulsory counterclaims seeking recovery on the two notes and reasonable attorneys' fees. The plaintiffs filed a motion to remand, alleging improper notice of removal. The district court determined that there was no independent basis for federal jurisdiction over the plaintiffs' state law claims, and partially granted the motion, remanding most of the claims to state court. The court retained jurisdiction over the usury claim pursuant to the provisions of the National Bank

Act, 12 U.S.C. sections 85 and 86,[1] and TCB's counterclaim to recover on the notes.

TCB filed a motion for summary judgment, arguing that there was no genuine issue of material fact as to the usury claim and thus, it was entitled to judgment as a matter of law on its counterclaim for payment of the notes. The Plaintiffs argued that the motion should be denied, urging a factual dispute. The district court granted TCB's motion for summary judgment and ordered the plaintiffs to pay $127,582.87 in damages and accrued interest, $47,000 in attorneys' fees, and costs of court. Sterling and Metro now appeal, arguing that the two notes were usurious and disputing the reasonableness of the attorneys' fees.

## II. STANDARD OF REVIEW

When a summary judgment is appealed, this Court evaluates a district court's decision to grant summary judgment by reviewing the record under the same standards that the district court applied to determine whether summary judgment was appropriate. *Herrera v. Millsap,* 862 F.2d 1157, 1159 (5th Cir.1989). Therefore, the summary judgment will be affirmed only when this Court is "convinced, after an independent review of the record, that "there is no genuine issue as to any material fact' and that the movant is entitled to judgment as a matter of law.' " *Id.* (quoting *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1364 (5th Cir.1987) and Fed.R.Civ.P. 56(c)).

_____

[1]These federal statutes contain the applicable usury provision and allow a bank organized under state law to charge the rate of interest allowed under state law.

Fact questions must be considered with deference to the nonmovant. *Herrera v. Millsap,* 862 F.2d at 1159. Accordingly, when a fact question is dispositive of a summary judgment motion, we "review the facts drawing all inferences most favorable to the party opposing the motion." *Id.* (citation and internal quotation marks omitted). Questions of law, however, are reviewed *de novo. Id.*

### III. CLAIM OF USURY

As previously set forth, the district court granted TCB's motion for summary judgment finding that the usury claim failed as a matter of law and that TCB was entitled to judgment as a matter of law on its counterclaim for payment of the notes. The parties agree that Texas law governs the determination whether the transactions are usurious. Under Texas law, interest "is the compensation allowed by law for the use or forbearance or detention of money," and usury "is interest in excess of the amount allowed by law." Tex.Rev.Civ.Stat.Ann. art. 5069-1.01(a), (d) (Vernon 1983); *see In re Casbeer,* 793 F.2d 1436, 1444 (5th Cir.1986). Additionally, because the usury statute is penal in nature, it must be strictly construed. *Texas Commerce Bank-Arlington v. Goldring,* 665 S.W.2d 103, 104 (Tex.1984).

The Appellants admit that the two promissory notes have not been paid in full. However, relying on *Alamo Lumber Co. v. Gold,* 661 S.W.2d 926 (Tex.1983), they claim that the notes are usurious. In *Alamo Lumber,* the Texas Supreme Court held "that a lender who requires as a condition to making a loan, that a borrower assume a third party's debt, as distinguished from a requirement that the

4

borrower pay another one of his own debts, must include the amount of the third party's debt in the interest computation." *Alamo Lumber,* 661 S.W.2d at 928. Accordingly, the following requirements must be met for *Alamo Lumber* to apply: (1) a lender requires as a condition to making a loan to the borrower; (2) that the borrower assume a third party's debt.

The Appellants argue that their situation essentially is identical to the one in *Alamo Lumber.* The court below assumed for purposes of the motion for summary judgment that TCB had *required* the guaranties as a condition of the loan renewals for Sterling and Metro. The district court further assumed, and TCB has not contested, that if *Alamo Lumber* is applicable to this scenario, the notes would be usurious.

Relying on *Moore v. Liddell, Sapp, et al.,* 850 S.W.2d 291 (Tex.App.—Austin 1993, writ denied), TCB argues that *Alamo Lumber* does not apply to the facts of this case. In *Moore,* the Texas court of appeals held "that *Alamo Lumber* does not apply to the ... situation of a *guaranty* of another's debt as a condition for a loan." *Moore,* 850 S.W.2d at 294 (emphasis added). The Court of Appeals expressly refused to apply *Alamo Lumber* to a guarantor situation because a guarantor's liability is contingent on the borrower's default. *Id.* at 293-94. The Court explained that "[i]nclusion of a contingent liability as interest on the guarantor's separate obligation would go against the parties' expectations and greatly increase uncertainty in lending transactions." *Moore,* 850 S.W.2d at 294.

The Appellants point to the language in *Moore* referring to the guarantor's liability as "a contingent secondary obligation." *Id.* In contrast, the Appellants refer to their own guaranty agreements which provide that the guaranty is "unconditional and absolute." They claim such language renders them primarily liable. Thus, the Appellants argue that TCB's reliance on *Moore* is misplaced because that case dealt with a "contingent" liability. Therein lies the heart of this dispute—whether guaranties of payment, which unconditionally and absolutely guarantee payment, are contingent liabilities under *Moore.*

In other words, Appellants' position is that, as guarantors of payment, there were no contingencies on their liability. Appellants argue that because they became primarily liable for the debt, *Alamo* applies to them just as if they had assumed the debt. Appellants stress that they are "guarantors of payment" as opposed to "guarantors of collection." It is undisputed that the Appellants' guaranties are guaranties of payment and not of collection. "A guaranty of payment, which is also known as an absolute guaranty, requires the guarantor to pay immediately upon the principal obligor's default." *In re Pulliam,* 90 B.R. 241, 243 (Bkrtcy.N.D.Tex.1988).[2] Accordingly, it is only *after* the

---

[2]On the other hand, "[a] guaranty of collection, which is also known as a conditional guaranty, enables the creditor to seek payment from the guarantor only after the occurrence of some condition "such as the condition that the creditor has unsuccessfully and with reasonable diligence sought to collect the debt from the principal debtor.' " *In re Pulliam,* 90 B.R. at 243 (quoting *United States v. Vahlco Corp.,* 800 F.2d 462, 466 (5th Cir.1986).

borrower's default that a guarantor of payment becomes primarily liable. The liability of a guarantor of payment therefore is contingent on the borrower's default. *In re Pulliam,* 90 B.R. at 243.[3]

It is true that "a guarantor of payment is akin to a co-maker in that both are primary obligors." *Reece v. First State Bank of Denton,* 566 S.W.2d 296, 297 (Tex.1978). Nevertheless, "[a]n analysis of the liability of the guarantor *vis-a-vis* the liability of the maker clearly indicates that a guarantor does *not* step into the maker's shoes and thereby acquire all his rights and privileges." *United States v. Little Joe Trawlers, Inc.,* 776 F.2d 1249, 1252 (5th Cir.1985) (emphasis in original). Indeed, only the makers of the note may assert a usury claim. *Id.* (citing *Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217 (Tex.1979)). Such a claim is not available to an unconditional guarantor unless the claim against the maker is void for illegality. *Id.*[4]

The Appellants correctly state that, under Texas law, to determine whether a transaction is usurious, it is the substance of the transactions rather than the form which is definitive. *See Fears v. Mechanical & Indus. Technicians, Inc.,* 654 S.W.2d 524, 530 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). We do not rely on the labels, but rather the substance of the transactions. The instant

---

[3]*See also Republican National Bank v. Northwest National Bank,* 578 S.W.2d 109, 114 (Tex.1978) ("A true guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform.").

[4]There is no claim that the notes themselves are usurious.

7

guaranty agreements specifically provide notice to the guarantor as follows: "You are being asked to guarantee the debt of Borrower now existing or hereafter arising.... *If* the Borrower doesn't pay any of such debts, you will have to.... You may have to pay up to the full amount of all Borrower's debts *if* the Borrower does not pay." (emphasis added). This language is entirely consistent with the definition of a guarantor of payment.[5]

Although the Appellants became primarily and absolutely liable on each other's debts, that liability was contingent on the borrower's default. Therefore, because the Appellants did not assume each other's loans within the meaning of *Alamo Lumber,* but instead were simply guarantors of payment, they are precluded from asserting a claim of usury. The district court correctly granted summary judgment in favor of TCB as to the usury claim and the counterclaim of non-payment.

## IV. ATTORNEYS' FEES

Finally, the Appellants urge that the district court erred in awarding TCB the entire amount of attorneys' fees requested. TCB's counsel, in a brief and conclusory affidavit attached to the amended motion for summary judgment, requested attorneys' fees in the amount of $42,000 with additional fees of $5,000 in the event of an appeal, asserting such fees were usual and customary.

In response, counsel for the Appellants filed his brief

---

[5]*Cf. Universal Metals & Machinery, Inc., v. Bohart,* 539 S.W.2d 874, 878 (Tex.1976) (quoting *Simon v. Landau,* 27 Misc.2d 269, 208 N.Y.S.2d 120 (N.Y.Sp.Term 1960) regarding determination that the term "primary obligors" in guaranty agreement did not render defendants co-makers in light of all documents).

affidavit in which he asserted that he was aware of the reasonable and customary fees charged in such cases and that $42,000 was unreasonable and excessive. Further, counsel also asserted that TCB had improperly requested attorneys' fees related to the claims that had been remanded to state court and were not related to the notes at issue. Because fact issues clearly exist as to the reasonableness and amount of the fees, we vacate the award of attorneys' fees for further proceedings.

CONCLUSION

For the reasons set forth above, the judgment is AFFIRMED. The award of attorneys' fees is VACATED and REMANDED for further proceedings.