United States Court of Appeals,

Fifth Circuit.

No. 95-10319.

Tom BLAKENEY;  Michael Blohm;  Robert S. Huffer;  Erin Phelps;  James Ruska;  Linn Madsen;  Kathy Howell;  and Mike Sweet, Plaintiffs-Appellants,

v.

LOMAS INFORMATION SYSTEMS, INC., Defendant-Appellee.

Oct. 4, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

The central issue of this summary judgment appeal is whether former employees ratified a release waiving all discrimination claims against their former employer thereby precluding later suit for age discrimination.  Concluding that they have, we affirm the summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 1993, appellee Lomas Information Systems, Inc. ("Lomas") terminated appellants Tom Blakeney, Michael Blohm, Robert S. Huffer, Erin Phelps, James Ruska, Linn Madsen, Kathy Howell, and Mike Sweet (collectively "the employees").  In accordance with Lomas's 1993 Reduction in Force Program, each employee was entitled to severance benefits as consideration for signing a document entitled "General Release."  This release included a broad waiver of all discrimination claims.[1]  Each employee voluntarily signed the release and received the appropriate severance pay.

---

[1]The release provided as follows:

> As a material inducement to Lomas ... to enter into this General Release, [this employee] hereby irrevocably and unconditionally releases, acquits and forever discharges the Company ... from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses ... of any nature whatsoever, known or unknown, suspected or unsuspected, including, but not limited to, rights under federal, state or local laws prohibiting discrimination, claims growing out of any legal restrictions on the Company's right to terminate its employees ... which ... [this employee] now has, owns or holds, or claims to have owned or held, or which ... at any time heretofore had owned or held, or which

Despite having signed the release specifically waiving all discrimination claims, the employees subsequently filed charges of unlawful age discrimination with the Equal Employment Opportunity Commission. On July 18, 1994, the former employees sued Lomas alleging that they were victims of age discrimination when Lomas terminated them and when the company failed to rehire them. To escape the effect of the release, the employees alleged that it had no force because it failed to comply with the provisions of the Older Workers Benefit Protection Act, Pub.L. No. 101-433, 104 Stat. 978 (codified at 29 U.S.C. § 626(f)) ("OWBPA").

In the district court, Lomas moved for summary judgment on the ground that the employees waived their right to sue by signing the release and retaining their severance benefits. The district court agreed and granted summary judgment for Lomas on that basis. The court concluded that the release, while failing to meet the requirements of the OWBPA, created a voidable contract which the employees ratified by retention of the severance pay. The employees appeal contending primarily that failure to comply with the OWBPA precludes ratification of the release.

DISCUSSION

We review the granting of a summary judgment de novo under well-established standards. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n,* 32 F.3d 964, 966 (5th Cir.1994).

The OWBPA amended the Age Discrimination in Employment Act ("ADEA") to enable an employer to enforce a waiver of age discrimination claims. *See* 29 U.S.C. § 626(f)(1). Section 626(f)(1) provides that an individual may not waive rights under the statute unless the waiver is "knowing and voluntary." To constitute a knowing and voluntary waiver, the release must meet specific statutory requirements such as specifically referring to the ADEA, advising the individual to

[this employee] at any time hereinafter may have owned or held or claimed to have owned or held against each of any of the Releases. As consideration for this General Release, the Company agrees to pay [this employee] the sum of [payment amount] (less deductions) as severance pay.... The employee enters into this General Release with full knowledge of its contents and enters into this agreement voluntarily.

consult with an attorney, and providing a grace period to consider signing the agreement. *See* 29 U.S.C. §§ 626(f)(1)(B), (E), (F).

It is undisputed that the release signed by the employees failed to meet these statutory requirements. The parties, however, disagree about the effect of this deficiency. Relying on our decision in *Wamsley v. Champlin Refining & Chemicals, Inc.,* 11 F.3d 534 (5th Cir.1993), *cert. denied,* --- U.S. ----, 115 S.Ct. 1403, 131 L.Ed.2d 290 (1995), Lomas contends that the defective release was not void, but merely voidable at the employees' election. As such, the release could be subsequently ratified by failing to timely tender the consideration on which the initial voidable contract was based. Confronted with this authority, the employees argue that *Wamsley* does not control because Lomas made no attempt to comply with the statutory requirements of section 626(f)(1).

We believe *Wamsley,* which is binding on this Court, does control the outcome of this appeal. In *Wamsley,* we held that failure to meet the requirements outlined in section 626(f)(1)(A)-(H) did not create a void contract, but merely a voidable one. 11 F.3d at 539. Failure to tender back the consideration for the promise not to sue, manifests an intention to be bound by the terms of the waiver. *Id.* at 540. This ratification creates a new promise and a new obligation that is enforceable despite the waiver's failure to meet the statutory requirements. *Id.* at 540 n. 11. While it is true that the *Wamsley* release contained the bulk of the requirements outlined in section 626(f)(1), our discussion of the voidability of the release did not hinge on substantial compliance with the OWBPA. Rather, it was rooted in the fact that failure to comply with any of the waiver requirements merely renders the release not "knowing and voluntary" as required by the statute. Such defective waivers "are subject to being avoided at the election of the employee." *Id.* at 539; *see Wittorf v. Shell Oil Co.,* 37 F.3d 1151, 1154 (5th Cir.1994). Substantial compliance is not a prerequisite. A waiver either meets all the requirements of section 626(f)(1) and is valid under the OWBPA, or it fails to meet the requirements and is voidable. In this case, the release failed to meet the statutory requirements and was therefore voidable.

The employees, however, did not exercise this option. Instead, they chose to keep the benefit

of their bargain, the severance pay. Retaining the consideration after learning that the release is voidable constitutes a ratification of the release. *Wittorf,* 37 F.3d at 1154; *Grillet v. Sears, Roebuck & Co.,* 927 F.2d 217, 220 (5th Cir.1991). To properly rescind the contract, the employees had to meet two burdens. Initially, they had to restore the status quo ante. *Grillet,* 927 F.2d at 220. Secondly, their rescission had to occur shortly after the discovery of the alleged deficiency. *Id.* at 221. In this case, the employees did neither. They made only a belated tender, after suit was filed, to return that part of the severance pay that was attributable to age discrimination claims.[2] This offer not only fails to return the status quo, but by any standard is untimely[3] *See Id.* at 220-21. As a result, the employees have ratified the release.

In an attempt to revive their lawsuit, the employees argue that the ratification of the release only applies to their termination claims and not their rehiring claims. According to the employees, because they cannot prospectively waive age discrimination claims, summary judgment was improper on the rehiring claim. This argument, however, is unpersuasive because the rehiring claim is not a future claim. In the release, the employees waived all rights to suit arising out of their termination. The employees' cause of action for failure to rehire is simply an attempt to revive claims they were paid to release. Any claim concerning failure to rehire certainly arises out of their termination and was extant when the release was ratified.

## CONCLUSION

We conclude that the district court properly granted summary judgment because no genuine

---

[2]In their complaint, the employees requested a declaratory judgment as to what part of the severance pay is attributable to the age discrimination claims. On appeal, the employees allege the district court erred by "refus[ing] to focus on this request." As we noted in *Grillet,* the employees had to tender the entire severance pay to properly rescind the waiver. 927 F.2d at 220. Based upon *Grillet,* there is no declaratory relief to which the employees are entitled.

[3]It is undisputed that to this day the employees have not returned the severance benefits to Lomas. Instead, the employees indicated to the district court that they were willing to tender only the amount judicially determined to be related to age claims. This incomplete tender offer came nearly twenty-two months after termination, eight months after filing suit, and seven months after Lomas's motion for summary judgment alerted them to the waiver defense. While we decline to prescribe a precise timetable for tender, we agree with the district court, relying on *Grillet,* that "[t]his offer is simply too little, too late." 927 F.2d at 220.

issue of material fact exists and Lomas is entitled to a judgment as a matter of law.[4] As a matter of

law, the employees ratified the release thereby waiving all claims of age discrimination. The summary

judgment is AFFIRMED.

---

[4]The employees also contend that there is a fact issue regarding whether their waiver was "knowing and voluntary." This assertion is based upon a hearsay statement contained in an employee affidavit that a personnel officer of Lomas told the employee, who was terminated in 1992 unrelated to the reduction in force, that the release did not cover age discrimination claims. Since Lomas already concedes for purposes of summary judgment that the waivers were not knowing and voluntary, this alleged fact issue is immaterial.