UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30668
Summary Calendar

_____


FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate
capacity,

                                    Plaintiff-Appellee,

                    versus

GRANGE A CHEVAUX, a Louisiana Partnership; AUSTIN W. GLEASON,
III; GEORGE ANNA POWELL GLEASON; WILLIAM PHILLIP OSBORNE;
DEBORAH ANNE SAUNDERS OSBORNE,

                                    Defendants-Third Party
                                    Plaintiffs-Appellants,

                    and

EDDIE MILLIGAN; EVELYN SHERYL WATSON MILLIGAN,

                                    Third Party Defendants.


_____

Appeal from the United States District Court for the
Western District of Louisiana
(90-CV-2433)
_____

November 28, 1995
Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     This is an appeal from a summary judgment granted in favor of

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

the holder in due course of a promissory note.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 1987, Grange a Chevaux, a Louisiana partnership, and its individual partners (collectively "Grange") made a promissory note payable to the order of United Mercantile Bank or bearer in the original principal amount of $375,000.  This note was secured by a collateral agreement pledging a vendor's lien and mortgage note payable to the order of bearer made by Eddie Milligan and Evelyn Milligan in the amount of $375,000 with the same rate of interest and payment terms as the Grange note. Appellee Federal Deposit Insurance Corporation is the holder in due course of the Grange note.

In February 1988, Grange ceased making payments on its note. FDIC then sued Grange for $372,927.10, the balance on the note, plus interest, attorneys' fees, and costs.  Grange answered the lawsuit with the claim that it was not liable on the note.  The gist of its argument was that Grange had an agreement with the Bank that Grange would have no liability on the note and that the debt would be paid by the Milligans.  However, no such agreement is reflected on the face of the Grange note.

In preparation for an October 1992 trial, the court issued a June 9, 1992 scheduling order that: all dispositive motions be filed by July 1, 1992, that discovery be completed by August 31, 1992, and that amendments to pleadings would be allowed only upon a showing of good cause and due diligence.  FDIC timely filed its motion for summary judgment.  On July 20, 1992, Grange filed its opposition to summary judgment.  At the same time, Grange sought

leave to file an amended answer to assert a claim based upon the prohibition of tying arrangements in the Bank Holding Company Act, 12 U.S.C. §§ 1971-1978. This motion to amend was denied. Summary judgment was entered for FDIC on September 11, 1995. On September 24, 1995, Grange moved to compel discovery and take depositions pending appeal. Since these motions were made after the grant of summary judgment for FDIC, the court denied them. Following trial on Grange's third party claims, final judgment was entered for the FDIC on June 19, 1995.

Grange appeals asserting three points of error: (1) summary judgment was inappropriate because there are fact issues for trial; (2) the court abused its discretion by denying the post-summary-judgment motion to compel discovery; and (3) the court abused its discretion by denying Grange's motion to amend.

### DISCUSSION

We review a summary judgment under well-established standards. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in his pleadings, but must set forth specific facts, properly supported, showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Unsupported assertions are not sufficient. Id.

The summary-judgment evidence presented by the FDIC showed that the Grange note was genuine and it was owned by the FDIC. It is undisputed that Grange ceased payment on the note. FDIC also

3

presented evidence of the amount owed on the note. This is sufficient to shift the burden to Grange to show the existence of a genuine issue for trial. Grange, however, does not meet this burden.

Grange contends that it is not liable on the note because the Bank made an agreement that it would look to a third party for payment of the debt. Grange presents no evidence of such an agreement. Grange introduced a single piece of summary judgment evidence—the affidavit of its counsel. This affidavit merely recounts that counsel viewed the original note and other documents obtained from the FDIC through discovery.[1] There is nothing in the record, save Grange's assertions in its pleadings, reflecting an agreement to release Grange from liability on the note. Consequently, summary judgment for the FDIC was appropriate.

Grange's second contention that the district court abused its discretion by denying its motions to compel discovery is meritless. Rule 56 does not require that any discovery take place before summary judgment can be granted. If a party cannot adequately defend such a motion, Rule 56(f) provides a continuance remedy. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990). Grange did not invoke Rule 56(f) and take advantage of the remedy the law provides. Instead, Grange readily answered the motion without any indication that additional discovery was

---

[1]     In addition to the affidavit, copies of minutes from the Bank's Board of Directors meetings were attached to Grange's Memorandum in Support of Supplemental Opposition to Motion for Summary Judgment. None of these excerpts reflect an agreement between the Bank and Grange that it would not be liable on the note.

4

necessary.  We find no abuse of discretion by the district court in denying Grange's discovery motions which were not made until <u>after</u> the court had already granted summary judgment.

Likewise, there is no abuse of discretion in denying Grange's motion to amend its pleadings.  Grange's motion to amend was made after a scheduling conference in which the court specifically ordered that amendments would be allowed only upon a showing of good cause and due diligence.  The motion, based upon the same facts known to Grange throughout this litigation, came almost three weeks after FDIC filed its motion for summary judgment.  Having reviewed the record, we do not find an abuse of the district court's discretion.

The district court's judgment is AFFIRMED.