UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30583
Summary Calendar
_____


JOHN MCNEIL,

                              Plaintiff - Appellant,

                    versus

COX CABLE COMMUNICATIONS, INC;
COX CABLE COMMUNICATIONS, INC, doing
business as Cox Cable New Orleans Inc,

                              Defendants,
          and

COX CABLE NEW ORLEANS INC, being sued as Cox Cable
Communications Inc d/b/a Cox Cable New Orleans,

                              Defendant - Appellee.

_____

Appeal from the United States District Court for the
          Eastern District of Louisiana
                (94 CV 2163 I)
_____

February 7, 1996
Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     Plaintiff John McNeil appeals from a summary judgment granted

in favor of defendant Cox Cable New Orleans, Inc. ("Cox Cable").

We affirm.

     McNeil was employed by Cox Cable as a customer service

---

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

supervisor. It is undisputed that McNeil was an at-will employee. The undisputed summary judgment evidence reflects that McNeil was given a written warning of unsatisfactory job performance for failing to secure customer payments in February 1990. On November 10, 1990, McNeil reported that $500 was missing from the company safe. Cox Cable later determined that $26,000 was in fact missing. Following an investigation, Cox Cable determined that the theft must have been committed by one of its employees; McNeil and others were questioned. On November 29, 1990, McNeil's supervisor saw unguarded cash drawers on McNeil's counter. Following this second violation for careless handling of money, and the intervening loss of $26,000 under his care, McNeil was terminated.

McNeil sued Cox Cable for wrongful termination and intentional infliction of emotional distress. Cox Cable moved for summary judgment and submitted supporting affidavits and documents indicating that McNeil's termination was for poor job performance. While McNeil filed a motion in opposition to summary judgment, he did not present any summary judgment evidence. The district court granted summary judgment for Cox Cable. McNeil now appeals the summary judgment on his intentional infliction of emotional distress claim.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994). Summary judgment is proper if, when viewing the evidence in the light most favorable to the nonmovant, the moving party establishes that there

2

is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  Sterling, 32 F.3d at 966.

The district court properly denied McNeil's claim of intentional infliction of emotional distress.  To prevail under Louisiana law, McNeil must establish: (1) extreme and outrageous conduct by Cox Cable; (2) severe emotional distress; and (3) that Cox Cable desired to inflict severe emotional distress or knew or was substantially certain that such distress would result from its conduct.  See White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991).  Furthermore, there is no cause of action for intentional infliction of emotional distress for wrongful termination of an at-will employee. See Hammond v. Medical Arts Group, Inc., 574 So.2d 521, 525 (La. App. 3d Cir. 1991).

In this case, there is no evidence of extreme or outrageous conduct by Cox Cable.  The undisputed summary judgment evidence reflects McNeil was dismissed for failing to properly secured Cox Cable's money.  Cox Cable was within its legal right to terminate McNeil.  Likewise, there is no summary judgment proof of severe emotional injuries.  Rather, the summary judgment evidence reflects that McNeil was never treated by a physician for emotional distress in connection with his termination.  Cox Cable did not oppose McNeil's claim for unemployment.  Within months of termination, McNeil obtained employment at a higher compensation than at Cox Cable.  As a result, McNeil has failed to demonstrate any genuine issue of material fact surrounding his intentional infliction of emotional distress claim.

The summary judgment is AFFIRMED.

3