IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40805
Summary Calendar
_____

CHARLES HINES,

Plaintiff-Counter
Defendant-Appellant,

versus

ABB VETCO GRAY, INC.,

Defendant-Counter
Claimant-Appellee,

_____

Appeal from the United States District Court for
the Southern District of Texas
(G-95-CV-215)
_____
April 29, 1996

Before REAVLEY, SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Hines sued ABB Vetco Gray, Inc. (Vetco) for age discrimination a year and a half after his termination.[1] Because Hines had signed a waiver agreement which explicitly waived any claims for age discrimination and because Hines had failed to

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] See 29 U.S.C. §§ 621 et. seq. (Age Discrimination in Employment Act of 1967); Tex. Lab. Code. Ann. § 21.001 et. seq. (Texas Commission on Human Rights Act).

"tender back" the consideration paid by Vetco for the waiver in a timely manner, the district court granted a summary judgment for Vetco. Hines appeals.

Waiver agreements failing to meet the requirements of the Older Workers Benefits Protection Act of 1990 are voidable at the election of the terminated individual.[2] We have held that failure to "tender back" the consideration paid in exchange for the waiver of specified claims in a timely manner precludes a suit on those claims by the terminated employee.[3] Hines requests that we overrule such precedent and follow contrary decisions from other circuits.[4] However, prior panel opinions are binding precedent on subsequent panels absent action by the court en banc, the Supreme Court, or the legislature.[5]

Next, Hines asserts that he unconditionally tendered the money to Vetco. His "unconditional tender" occurred in his Original Answer to Vetco's Counterclaim where he stipulated that any recovery on his suit should be offset by the severance

---

[2]Blakeney v. Lomas Information Systems, Inc., 65 F.3d 482 (5th Cir. 1995), cert. denied, 116 S.Ct. 1042 (1995); Wittorf v. Shell Oil Co., 37 F.3d 1151, 1154 (5th Cir. 1994); Wamsley v. Champlin Refining & Chemicals, Inc. 11 F.3d 534, 539 (5th Cir. 1993), cert. denied, 115 S.Ct. 1403 (1995); see 29 U.S.C. § 626(f)(1) (Older Workers Benefits Protection Act).

[3]Blakeney, 65 F.3d at 485; Wittorf, 37 F.3d at 1154; Wamsley, 11 F.3d at 539.

[4]See Oberg v. Allied Van Lines, Inc., 11 F.3d 679 (7th Cir. 1993), cert. denied, 114 S.Ct. 2104 (1994); Forbus v. Sears, Roebuck & Co., 958 F.2d 1036 (11th Cir.), cert. denied, 113 S.Ct. 412 (1992).

[5]Lefarge Corp. V. Hartford Cas. Ins. Co., 61 F.3d 389, 403 (5th Cir. 1995).

agreement, or in the event that he did not recover any money, the district court should enter a judgment against him in the amount of the severance agreement. Hines argument is unpersuasive. Such a reading would render our "tender back" rule meaningless, permitting employees to retain the benefits of their bargain while at the same time not upholding their end of the bargain - waiving their right to sue.

Finally, Hines disputes the district court's finding that he "did not even attempt to rescind [the waiver agreement] until nearly two years after he signed the contract, at which point [Hines's] opportunity to avoid the waiver agreement had long since lapsed."[6] Hines argues that a mere four months passed between the date he learned the waiver agreement was voidable when Vetco raised the defense and the date the district court granted Vetco's summary judgment.

To properly rescind the contract, Hines had to "restore the status quo ante," and the recision "had to occur shortly after the discovery of the alleged deficiency."[7] On September 5, 1995, Hines filed a Motion for Continuance on Vetco's Motion for Summary Judgment requesting an additional two weeks to "finalize the transaction whereby he [was] raising the funds." The district court denied Hines's motion on the basis that, even if it granted the motion, Hines's attempt at recision was too late.[8]

---

[6]Dist. Ct. Op. p. 5.

[7]Blakeney, 65 F.3d at 485.

[8]Dist. Ct. Op. p. 6, n.1.

3

Hines's efforts to rescind the contract did not occur "shortly after the discovery of the alleged deficiency."[9]  Hines's Motion for Continuance came almost two years after he was terminated, six months after he filed suit, and four months after Vetco notified him of their intention to rely upon the waiver agreement as a defense.  The district court did not err in granting Vetco's summary judgment.[10]

AFFIRMED.

---

[9]Blakeney, 65 F.3d at 485.

[10]Blakeney, 65 F.3d at 482 n.3 (a tender which came "twenty-two months after termination, eight months after filing suit, and seven months after [the company's] motion for summary judgment alerted them to the waiver defense" was too late).