UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60054
Summary Calendar
_____


MYRA LEIGH,

                                    Plaintiff -Appellant,

                      versus

WAL-MART STORES, INC.; LONNIE LUKER,

                                    Defendants - Appellees.

_____

Appeal from the United States District Court for the
            Southern District of Mississippi
                    (3:95-CV-3)

_____

                    June 27, 1996
Before SMITH, BENAVIDES and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     In this "slip and fall" case, Myra Leigh appeals from a
summary judgment granted in favor of defendants Wal-Mart Stores,
Inc. and store manager Lonnie Luker.  We affirm.

     On June 27, 1993, while shopping with her husband at a Wal-
Mart, Leigh stepped into a puddle of a cleaning product and slipped
and fell to the floor.  Leigh alleges that the spill was caused by

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

a leak from the bottom of a bottle of Pine Fresh that had fallen to the floor, cracked, and was later replaced on the merchandise display. Leigh sued Wal-Mart and the store manager in Mississippi state court alleging: 1) negligence in allowing the puddle to exist on the premises; and 2) negligent display of merchandise. Wal-Mart removed to federal court on the basis of diversity.

The district court granted summary judgment for the defendants on both claims. The court found that Leigh could not prevail on the premises liability claim because the summary judgment evidence reflected that the puddle was not created by a Wal-Mart employee and Wal-Mart had neither actual nor constructive notice of the spill. The court rejected the negligent display claim on the basis that there was no evidence that the display was unreasonably safe and, even if the there was negligent display, the display was not the proximate cause of Leigh's injuries. Leigh now appeals.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995), cert. denied, 116 S. Ct. 1042 (1996); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994).

To recover for negligence, Leigh has the burden of establishing that Wal-Mart had a legal duty to Leigh, Wal-Mart breach the duty, and that she sustained injuries proximately resulting from the breach. See Hardy v. K Mart Corp., 669 So.2d 34, 37-38 (Miss. 1996). In the context of a "slip and fall" claim,

2

Leigh must produce evidence that: 1) a negligent act of Wal-Mart caused her injury; or 2) Wal-Mart had actual knowledge of the dangerous condition; or 3) the dangerous condition existed long enough to impute constructive knowledge. Id. at 38.

Summary judgment was appropriate in this case. As to the "puddle claim," there was no evidence that an employee of Wal-Mart caused the spill. Similarly, there is no summary judgment evidence that Wal-Mart had actual knowledge of the spill. In fact, assistant manager Brian Magee testified that he walked through the area two to three minutes before the fall and saw no spill. Leigh speculates that the spill must have been on the floor long enough to constitute constructive knowledge because of the spill's size[1] and the small crack in the bottom of the leaky bottle. As the district court properly noted, Leigh's conjecture on this issue does not amount to evidence sufficient to withstand summary judgment. We do not indulge in presumptions on the length of time an unsafe condition may have existed; a plaintiff must present specific evidence on this point. Dickens v. Wal-Mart Stores, Inc., 841 F. Supp. 768, 771 (S.D. Miss. 1994). Leigh presented no evidence as to the length of time the spill was present. In contrast, Wal-Mart presented sworn testimony that the spill was not there just minutes before the accident. Consequently, there is no summary judgment evidence sufficient to establish constructive

---

[1] Leigh's husband testified that the spill was three to four feet in diameter after Leigh had fallen in it. Mrs. Leigh offered no testimony as to the size of the spill.

3

notice.

Similarly, the negligent display claim cannot survive summary judgment.  The owner of a business is not an insurer against all injuries.  <u>Waller v. Dixieland Food Stores, Inc.</u>, 492 So.2d 283, 285 (Miss. 1986).  Wal-Mart's duty as a business owner is to keep the premises reasonably safe and, when not, to warn of dangers not in plain view.  <u>McGovern v. Scarborough</u>, 566 So.2d 1225, 1228 (Miss. 1990).  While Leigh presented evidence of alternative display techniques, there is no summary judgment evidence that Wal-Mart's display was unreasonable.  Instead, Wal-Mart presented testimony that reasonable care was properly exercised.  Additionally, there is no question that the display at issue was clearly in plain view.

Moreover, even assuming <u>arquendo</u> that the merchandise was displayed in a negligent fashion, Leigh cannot demonstrate that the <u>display</u> was the proximate cause of her injuries.  The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any intervening cause produces the injury.  <u>Grisham v. John Q. Long V.F.W. Post</u>, 519 So.2d 413, 417 (Miss. 1988).  As the district court properly noted, this is not a case where Leigh knocked over the display and became injured.  Rather, Leigh asserts that somehow a bottle dropped, became cracked, and was replaced on the display.  Given this intervening cause, the manner of display cannot be characterized as the proximate cause of her alleged injuries.

4

Finally, Leigh's reliance on Hardy is misplaced. In Hardy, the Mississippi Supreme Court reversed a summary judgment granted in favor of a business owner involving a slip and fall. Unlike the instant case, in Hardy there was conflicting summary judgment evidence as to whether employees of the store had actual knowledge of the spill. 669 So.2d at 39. Additionally, the assistant manager testified that stacking paint cans higher than three layers was unsafe; there was evidence that displays in the store were stacked five levels high. Id. at 38. Consequently, there was some evidence of admission of breach of care. The Mississippi Supreme Court, applying the Mississippi state summary judgment standard, concluded that the trial court had insufficiently complete facts before it thereby precluding summary judgment. Id. In contrast, Leigh has presented no summary judgment evidence to contradict Wal-Mart's evidence that negates the negligence claims. Hardy is therefore easily distinguishable from the instant case.

The judgment of the district court is AFFIRMED.

5