**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-20387
(Summary Calendar)
_____

BARBARA ALANIES,

Plaintiff-Appellant,

versus

O'QUINN, KERENSKY, MCANINCH
& LAMINACK; ET AL                           Defendants


O'QUINN, KERENSKY, MCANINCH
& LAMINACK, and JOHN M.
O'QUINN, P.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:95-CV-5802
_____

March 19, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

Per Curiam:[*]

In this employment discrimination case, Plaintiff-Appellant
Barbara Alanies appeals the district court's grant of summary
judgment in favor of Defendant-Appellee O'Quinn, Kerensky, McAninch
& Laminack (law firm), holding that Alanies's claim was precluded

---

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

by the release provisions of the Separation Agreement she signed at the termination of her employment with the law firm. Alanies asserts that the district court erred, as (1) the release was not supported by adequate consideration, and (2) she promptly returned the contract consideration and therefore did not ratify the Separation Agreement. After a de novo review of the record,[1] we find no merit in either of these arguments and, accordingly, affirm.

Alanies contends first that she received no consideration for her release of all claims against the law firm, as the Separation Agreement provides that Alanies's severance pay was tendered "in lieu of notice." She maintains that, inasmuch as the severance pay was consideration for lack of notice to her prior to termination, it could not also be sufficient consideration for the release. But the Separation Agreement expressly provides that

> [b]y acceptance and negotiation of the severance check
> and by the signature below, the undersigned . . .
> releases and forever discharges Law Firm for any claim of
> any kind known or unknown, whether in contract or tort,
> property damages and any other damages which have accrued
> or may ever accrue to the undersigned arising out of the
> employment.

As the district court noted, a single consideration is sufficient

---

[1]This court reviews the granting of a summary judgment de novo under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995), cert. denied, 116 S. Ct. 1042 (1996).

2

to support multiple promises bargained for in an agreement.[2]  After a review of the plain language of the Separation Agreement, we reach the same conclusion as did the district court — that Alanies's receipt of severance pay was sufficient consideration to support all of Alanies's promises in the Separation Agreement, not just her waiver of notice.

Alanies also asserts that the Separation Agreement is unenforceable because (1) she was suffering from an impaired physical and emotional condition and was coerced into signing it, and (2) the law firm misrepresented to her that it would continue her medical benefits for three weeks.  The law firm insists that, even if the agreement was voidable, Alanies ratified it by failing to return the severance pay within a reasonable time after learning that the release was voidable.

We have held that to rescind a release agreement, an employee must (1) restore the status quo ante, and (2) return the consideration shortly after the discovery of the alleged deficiency.[3]  Failure to return the consideration given in exchange for the covenant not to sue manifests an intention to be bound by

---

[2]<u>Birdwell v. Birdwell</u>, 819 S.W.2d 223, 228 (Tex. App. — Fort Worth 1991, writ denied); Restatement (Second) of Contracts § 80 cmt. a (1981) ("A single performance or return promise may thus furnish consideration for any number of promises.").

[3]<u>Blakeney</u>, 65 F.3d at 485.

the terms of the waiver.[4]  Although we have not "prescribe[d] a precise timetable for tender" of consideration,[5] we have held that summary judgment was appropriate when one plaintiff waited two years[6] and when another waited twenty-two months[7] to return the benefits of the release.

By Alanies's own calculations, her tender of the severance payment came more than sixteen months after she became free of those physical impairments and oppressive circumstances that purportedly compromised her free will and led her to sign the release.  Even under Alanies's alternate contention, more than nine months elapsed between her discovery of the law firm's alleged misrepresentation about her health insurance and her return of the money.  In the interval between her signing the release and her tender of the lump sum settlement payment, Alanies (1) wrote several letters to the law firm, detailing her claim and demanding settlement; (2) obtained legal counsel; (3) engaged in settlement negotiations; (4) received a letter from counsel for McAninch, a

---

[4]Wamsley v. Champlin Ref. & Chems., Inc., 11 F.3d 534, 540 (5th Cir. 1993), cert. denied, 514 U.S. 1037 (1995); see also Williams v. Phillips Petroleum Co., 23 F.3d 930, 937 (5th Cir.), cert. denied, 513 U.S. 1019 (1994)("Even if a release is tainted by misrepresentation or duress, it is ratified if the releasor retains the consideration after learning that the release is voidable.").

[5]Blakeney, 65 F.3d at 485 n.3.

[6]See Grillet v. Sears, Roebuck & Co., 927 F.2d 217, 221 (5th Cir. 1991), overruled on other grounds, Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863 (1994).

[7]See Blakeney, 65 F.3d at 485 n.3.

partner at the law firm, pointing out that she had "never attempted to revoke her release, much less return the consideration she received for signing it;" and (5) filed an EEOC charge. Taking into consideration all these factors, we agree with the district court that

> as a matter of law . . . her failure to return the cash consideration within sixteen or seventeen months after being fully cognizant of most of the claims that she has now sued on, and within nine months after discovering the additional claim of misrepresentation that her medical insurance would be continued for three weeks, is a passage of time that fails separately and in the aggregate to meet the Grillet requirement that she return the consideration "shortly after" or "soon after" discovering the misrepresentation.

Our de novo review leads us to agree with the conclusion of the district court that Alanies's claims are barred by the terms of her release and that she ratified it. Consequently, the judgment of the district court should be, and therefore is,

AFFIRMED.

5